## BLACK *et al. v.* EHRICH *et al.*

*(Circuit Court, S. D. New York. January 31, 1891.)*

INJUNCTION—LITERARY PROPERTY—NAMES OF BOOKS.

> Injunction will not lie to restrain the publication and sale of a cyclopædia of the same name as one published by complainants, and of the same contents, except as to certain copyrighted articles, when defendants have not infringed any copyright, and use no means to persuade the public that their publication is that of complainants.

In Equity. On bill for injunction.
*Rowland Cox,* for complainants.
*Augustus T. Gurlitz,* (*Newton A. Partridge,* of counsel,) for defendants.

WALLACE, J. The complainants, a publishing firm of Edinburgh, Scotland, bring this suit to restrain the defendants, who are doing busi-

ness at New York city, from selling a work entitled "The Encyclopædia Britannica," which is published by Messrs. R. S. Peale & Co. at Chicago, and from issuing and distributing circulars and advertisements introductory of the book, which are alleged by the complainants to be misleading and injurious. The case is now here upon a motion for an injunction *pendente lite.*

It appears by the pleadings and depositions that prior to 1873 several editions of the Encyclopædia Britannica had been issued by various publishers, the last, and eighth, edition having been issued in 1861. In 1873 the complainants undertook to bring out a new edition. They named it "The Encyclopædia Britannica, Ninth Edition." They issued the first volume in 1875, and subsequent volumes from time to time until 1889, when the work, consisting of 24 volumes, was completed. In the preparation and publication of this work the complainants expended an enormous sum of money for editorial labor, for articles contributed by eminent specialists and authors, for maps, drawings, and illustrations, and for the printing, binding, and other mechanical features. They intrusted to Messrs. Little, Brown & Co., of Boston, and Messrs. Charles Scribner's Sons, of New York, the introduction and sale of their work in this country. With the exception, however, of a very limited number of their original edition, which was known to the trade as the "Black Edition," their volumes sold here have not purported to be published by them, but bear upon their title-page the imprint of different American publishers. The defendants are offering for sale a reprint of the work published by the complainants in a cheap form, except that in the place of certain articles of the original, copyrighted pursuant to the statutes of the United States, they have substituted other articles, to avoid infringement of the copyright. The case for the complainants rests upon the legal theory that the acts of the defendants amount to unlawful competition in trade. With the exception of the copyrighted articles, the entire literary matter of "The Encyclopædia Britannica, Ninth Edition," is public property in this country, at least, and a rival publisher has the legal right to make any use of it he sees fit. He may use any part of it, or all of it, and call it by what name he prefers. Neither the author nor proprietor of a literary work has any property in its name. It is a term of description, which serves to identify the work; but any other person can with impunity adopt it, and apply it to any other book, or to any trade commodity, provided he does not use it as a false token, to induce the public to believe that the thing to which it is applied is the identical thing which it originally designated. If literary property could be protected upon the theory that the name by which it is christened is equivalent to a trade-mark, there would be no necessity for copyright laws. There is not a *scintilla* of evidence in the present case to indicate that the defendants have held out the title of the book as a false token, or made any statements in their circulars or advertisements, with a view or likely to lead any person to believe that their reprint is the book which the complainants publish. Their book denotes on its title-page that it is published by R. S. Peale

& Co. at Chicago. Their circulars announce that the Peale reprint is the "latest and best;" the "only American reprint having all marginal references;" contains "articles rewritten by eminent Americans, substituted for those in the 'English edition;'" is "incomparable," and, in short, is a reproduction of the original, except as it has been improved. Their laudations go for what they are worth, but they do not tend in the remotest degree to confuse the mercantile identity of their book with that of the complainants.

The motion for an injunction is denied.