## WILSON *v.* HECHT.

---

COPYRIGHTS; PATENTS; DESIGN PATENTS; LICENSES; TRADEMARKS; DAMAGES.

1. The owner of a thing copyrighted acquires through the copyright no property in the name by which the thing is designated.
2. Where a design patent is granted for a figure, the name by which it is designated forms no part of the patent.
3. The fact that one who has copyrighted a figure which he has designated by a fanciful name, and who has also procured a design patent

-for the figure, has licensed a third person to apply the name and
the representation of the figure as a trademark or otherwise to
clothing, establishes no ground of opposition to the registration of
the name as a trademark by one who is already using the name as
a trademark for the same class of goods.    (Citing *Battle Creek
Sanitarium Co.* v. *Fuller*, 30 App. D. C. 411.)

4. To successfully oppose the registration by another of a mark as a
trademark, the opposer must show an injury of a legal character.
(Construing sec. 6 of the trademark act of Congress, 33 Stat. at
L. 726, chap. 592, Comp. Stat. 1913, sec. 9491, and citing *McIlhenny*
v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337;
*Battle Creek Sanitarium Co.* v. *Fuller*, 30 App. D. C. 411; *Under-
wood Typewriter Co.* v. *A. B. Dick Co.* 36 App. D. C. 175, and *Tim
& Co.* v. *Cluett, P. & Co.* 42 App. D. C. 212.)

No. 971.    Patent Appeals.    Submitted May 11, 1915.    Decided June 1,
1915.

HEARING on an appeal from a decision of the Commissioner
of Patents sustaining a motion to dismiss and dismissing an
opposition to an application for the registration of a trade-
mark.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Rose O'Neill Wilson, filed in the Patent Office a
notice of opposition to the application of William Hecht for the
registration of the word "Kewpie" as a trademark for children's
suits.    From the decision of the Commissioner of Patents sus-
taining the motion of Hecht to dismiss the notice of opposition,
Wilson has appealed.

The grounds of opposition are stated in the notice as follows:

"First:    In 1909 I designed an original figure and coined
for it the name 'Kewpie,' and published various pictures of the
figure and various magazine articles, books, and art prints con-
taining the figure and the word, and secured copyrights for the
same.    The essence of these articles was the name 'Kewpie'
and the figure thereof, and any reproduction of either of these
is an infringement of my copyright.    I have received large
royalties on said copyright, and am still engaged in having pub-

lished articles containing this figure under this name, and receiving large royalties therefrom.

"Second. The figure has also been covered by me in design patent No. 43,680 and 44,393, and has been copyrighted as a statuette or art figure by me prior to the year 1914, and has been manufactured and sold extensively under the name 'Kewpie' under licenses from me, and I have received and am still receiving large royalties therefrom.

"Third. The word 'Kewpie' and the figure have become so identified with one another, and have become so widely known, that the use of the word on the goods of one party and the figure on the goods of another party would cause confusion in the trade, and would cause the ordinary purchaser to mistake the goods of one party for those of another party.

"Fourth. I have granted licenses and have received royalties from licenses for the right to use the name and the figure, and am engaged in the business of granting such licenses. The trademark has been registered by me (No. 92,611), and under such licenses by William P. O'Neill No. 95,555, and by George Borgfeldt & Company under Nos. 94,980, 95,292, 95,293, 95,392, 95,393, 95,880, 95,979, and 95,980. Any registration of the name or figure by unlicensed parties will destroy the value of the licenses which I might give to a third party to use the word or the figure upon his goods either as a trademark or in any other way.

"Fifth. I have just entered into a contract with a third party to permit him to apply the name 'Kewpie' and the figure thereof as a trademark or otherwise to clothing, and specifically to children's washable suits of pajamas and nightrobes. The registration of the mark as published to said Hecht will destroy or seriously injure the value of this contract and the proceeds which I would receive therefrom.

"Sixth. I and my licensees are engaged in the business of designing a great variety of articles, including children's clothes, in which the word 'Kewpie' and the figure of a Kewpie are to be used as decorations and as identifying marks, and I have undertaken by contract to secure to my licensees the monopoly

granted by my copyright on such designs. If the name and the figure, or if the name alone, are registered as a trademark to Hecht and so used by him, such registration and use will destroy or seriously impair the value of such designs and the right of my licensees to use either the name or the figure upon their goods or as trademarks or identifying marks therefor."

It appears that the opposer is the originator of a statuette or figure of art for which she coined the name "Kewpie." She has issued and had copyrighted literature pertaining to this imaginary being, and has also secured a design patent for the figure itself. Opposer also alleges that she is engaged in the business of granting licenses, and has licensed, upon royalty, the right to use the name and figure. Her claim is that the literature and figures are known by the name "Kewpie," and that applicant's trademark use of the name constitutes an infringement of her copyright.

*Mr. L. S. Bacon, Mr. J. H. Milans* and *Mr. D. Anthony Usina* for the appellant.

*Messrs. Wise & Lichtenstein* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Opposer seems to base her case upon the false hypothesis that under the copyright and design patent she has secured title to the name. It is well settled that the owner of the thing copyrighted acquires through the copyright no property in the name by which it is designated. "Neither the author nor proprietor of a literary work has any property in its name. It is a term of description, which serves to identify the work; but any other person can with impunity adopt it, and apply it to any other book, or to any trade commodity, provided he does not use it as a false token, to induce the public to believe that the thing to which it is applied is the identical thing which it originally designated. If literary property could be protected upon the theory that the name by which it is christened is equivalent to

a trademark, there would be no necessity for copyright laws." *Black* v. *Ehrich,* 44 Fed. 793. Nor is the opposer in better position under her design patent. The figure is what was patented, and the name by which it is designated forms no part of the patent.

Conceding, as we must, the truth of the allegations contained in the notice of opposition, the opposer has totally failed to bring herself within the protection of the statute. It is unnecessary to consider in how far the name "Kewpie" and the thing copyrighted and patented are equivalents, or in how far the word "Kewpie" may be applied to goods of the same general description as those protected by opposer's copyright and design patent without constituting infringement, since opposer is not in position to object to the trademark use of the word by applicant. She is engaged in the business of granting licenses, and it clearly appears that neither she nor her licensees have ever used the word "Kewpie" or the figure as a tradename or trademark for children's clothing.

The mere allegation that she has licensed a third party to apply the name "Kewpie" and the figure thereof as a trademark or otherwise, "to clothing and specifically to children's washable suits of pajamas and nightrobes," establishes no ground of opposition against a person already using the name as a trademark for the same class of goods. In *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411, Chief Justice Shepard, speaking for the court, said: "The allegation is that the opponent 'uses in its advertising matter the words "Health Food" or words of similar purport,' and has so used them for about twenty-eight years. No trademark right grows out of the mere invention or discovery of the word or symbol, but out of its use as such. *Trademark Cases,* 100 U. S. 82, 94, 25 L. ed. 550, 551. To constitute a trademark use, the mark must be attached or applied to the goods. *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460, 464, 37 L. ed. 1144, 1146, 14 Sup. Ct. Rep. 151. Property in it can only be acquired by the actual application of it to goods of a certain class, so that it serves to indicate the origin of the goods, that is to say, identify them with the particular

manufacturer or trader, and to distinguish them from similar goods. *United States* v. *Braun,* 39 Fed. 775; 28 Am. & Eng. Enc. Law, p. 346. The mere advertisement of the words or symbol without application to the goods themselves is insufficient to constitute a trademark."

It logically follows that an opposer must show a legal damage to authorize him to oppose successfully the registration of a trademark. While the provision of sec. 6 of the trademark act (33 Stat. at L. 726, chap. 592, Comp. Stat. 1913, sec. 9491), permitting "any person who believes he would be damaged by the registration of a mark" to oppose the same by filing a notice of opposition, is very broad, it has been steadfastly held that the opposer must establish an injury of a legal character. *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337; *Battle Creek Sanitarium Co.* v. *Fuller, supra; Underwood Typewriter Co.* v. *A. B. Dick Co.* 36 App. D. C. 175; *Tim & Co.* v. *Cluett, P. & Co.* 42 App. D. C. 212. In the *Battle Creek Case,* the rule is concisely stated as follows: "It is not sufficient for the opponent to say that he believes he would be damaged. He must allege some fact showing an interest in the subject-matter from which damage might be inferred. If he has not used the mark as a trademark upon goods of a like description, he can suffer no damage from its registration by another."

Opposer's difficulty consists in failing to distinguish between a copyright or design patent and a trademark. The mere fact that through her literature she has given publicity to this imaginary being called "Kewpie," and by her inventive genius has created a figure for which she has secured a design patent, accords her no trademark right in the name by which this imaginary being is designated. It would hardly be contended, for illustration, that the owner of a copyright on a picture called "Uncle Tom's Cabin" would be heard to object to the use of that title by another as a trademark for whisky. Before opposer can be heard, therefore, it must appear that she had used the figure or word "Kewpie" as a trademark on goods of the same descriptive properties as the goods of applicant to which the

D. C.]                             Syllabus.

mark is applied, and at a date prior to its use by applicant. In this she totally fails.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                   *Affirmed.*