D. C.]                    Opinion of the Court.

# IN RE PAGE COMPANY.

---

TRADEMARKS; DESCRIPTIVE WORDS; COPYRIGHT.

1. A trademark may be registered for a series of literary productions, but it must be arbitrary, and not merely the name of one or more of the series.
2. The word "Pollyanna" as applied to a series of books is descriptive, and therefore not registerable as a trademark, where one of the series is a book bearing that title.
3. The trademark law was not intended to conflict with or extend the operation of the copyright law.

No. 1118.   Patent Appeals.   Submitted November 14, 1917.   Decided December 3, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents denying registration of a word as a trademark.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Perry B. Turpin, Mr. Myron G. Clear,* and *Mr. J. K. Brachvogel* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a decision of the Commissioner of Patents refusing registration of the word "Pollyanna" as a trademark for a series of books. The record discloses that the series of books consists of but two, the title of one being "Pollyanna" and the other "Pollyanna Grows Up." It may be inferred from the record that other volumes are to follow, and it is insisted that the series should be known as the "Pollyanna Series."

It will be observed that "Pollyanna" is the name of a book,

not an arbitrary mark to designate a series of publications, each bearing its individual title. In this respect the word is clearly descriptive. It is the name of a particular book, and the public has no way of describing the book but by the use of the name. Undoubtedly, a trademark may be registered for a series of literary publications, but it must be arbitrary, and not merely the name of any one or more of the series. The rule is well illustrated in the note by Mr. Rowland Cox to *Clemens* v. *Belford,* 14 Fed. 728; Cox, Manual, 685, quoted with approval in Hopkins on Trade-Marks, sec. 85, as follows: "Thus the term 'Old Sleuth Library' was distinctly arbitrary, and never the name of a particular book or literary production, and for this reason it was in an accurate sense a trademark, and must continue to be as long as the publication was continued. But if the publication of the periodical were discontinued for a period of years, the name would cease to be arbitrary and take its place in literature as indicating a definite collection of articles, pictures, etc., and as soon as it acquired that settled meaning, it would, in the absence of copyright, become *publici juris.*"

The trademark law is not intended to conflict with or extend the operation of the copyright law. If a copyright is taken for a book or particular publication, the owner of the copyright enjoys the exclusive right to the use of the name as long as the copyright continues; but, when it expires, the privilege expires and the use of the descriptive name becomes *publici juris.* In the Britannica Case (*Black* v. *Ehrich,* 44 Fed. 793) Judge Wallace stated the rule after expiration of copyright, as follows: "Neither the author nor the proprietor of a literary work has any property in its name. It is a term of description, which serves to identify the work; but any other person can with impunity adopt it, and apply it to any other book, or to any trade commodity, provided he does not use it as a false token, to induce the public to believe that the thing to which it is applied is the identical thing which it originally designated. If literary property could be protected upon the theory that the name by which it is christened is equivalent to a trademark, there would be no necessity for copyright laws." Clearly, the word "Pol-

lyanna," being the title of the first volume of the series, is descriptive, and, as such, unregisterable.

The decision of the Commissioner of Patents is right, and, therefore, is affirmed. The clerk is directed to certify these proceedings as by law required.                          *Affirmed.*

A petition for a rehearing was denied December 22, 1917.