MATTHEW OTT *vs.* KEITH MASSACHUSETTS CORPORATION
& another.

Suffolk.   November 8, 1940. — May 28, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Unfair Competition.*

No cause for relief in equity against alleged unfair competition was shown in the innocent use by the defendant, as a title to a moving picture of a performance by a band, of a phrase similar to the title of a play of the plaintiff which had been before only a small part of the public nineteen years before and had long since been forgotten.

BILL IN EQUITY, filed in the Superior Court on November 29, 1939.

After a hearing by *Morton*, J., the bill was dismissed. The plaintiff appealed.

*M. B. Lynch,* for the plaintiff.

*A. E. Whittemore,* (*L. Kaplan* with him,) for the defendants.

LUMMUS, J.   The plaintiff brings this bill to restrain the defendants from using the words "That's right, you're wrong" as the title of a motion picture featuring one Kyser and his band, produced by the defendant RKO Radio Pictures, Inc., and to be shown at the theatre in Boston operated by the defendant Keith Massachusetts Corporation; and also to obtain damages.

The report of a master, to which there were no exceptions and which was confirmed, showed the following facts. Up to 1928 the plaintiff wrote and produced in small theatres, mostly in New England, about seventy plays, of which forty-seven were copyrighted. Among them was one called "Alas, Poor Yorick," which was never copyrighted. In 1919 he changed its title to "That's Right. You're Wrong." He carried a repertory of about six plays a season, and dropped the older plays as they ceased to draw good audiences. The play in question was one of six that were played in the season of 1919–1920 in some

towns in New England and New York. There is no finding that it was ever played afterwards. The plaintiff abandoned the theatrical business in 1928 when talking motion pictures made it unprofitable. The plaintiff, the play in question, and its title, have long been forgotten by the public, and are remembered only by a few veterans of the theatre.

In 1937 a band leader named Kyser began broadcasting a program from a restaurant in Chicago. He developed a contest in answering whether musical propositions stated by him were right or wrong. After a contestant had answered, Kyser would give his decision in the form of "You're right, that's wrong" or some variant appropriate to the character of the answer. In 1939 the defendant RKO Radio Pictures, Inc. proposed to feature Kyser and his band in a moving picture. They wished to select a title that would suggest Kyser. The title "That's right, you're wrong" was selected, in ignorance of the plaintiff and his play. At a cost of $208,000 the picture was completed on October 23, 1939. It was first shown on November 15, 1939, and ever since has been shown all over the country. There is no similarity between the picture and the plaintiff's play except the title. While the picture was being filmed the plaintiff knew of its title, and knew that the work was costly, but he made no objection until November 9, 1939.

Whether a book or play is copyrighted or not, neither the author nor the proprietor has any property right in the title entitling him to the exclusive use of it. *Warner Bros. Pictures, Inc.* v. *Majestic Pictures Corp.* 70 Fed. (2d) 310, 311. *Manners* v. *Triangle Film Corp.* 247 Fed. 301. *National Picture Theatres, Inc.* v. *Foundation Film Corp.* 266 Fed. 208. *Collins* v. *Metro-Goldwyn Pictures Corp.* 25 Fed. Sup. 781, 784. *Gotham Music Service, Inc.* v. *Denton & Haskins Publishing Co. Inc.* 259 N. Y. 86. The title "is a term of description, which serves to identify the work; but any other person can with impunity adopt it, and apply it to any other book, or to any trade commodity, provided he does not use it as a false token, to induce the public to

believe that the thing to which it is applied is the identical thing which it originally designated." *Black* v. *Ehrich,* 44 Fed. 793, 794.

In the present case only a small part of the American public ever saw the plaintiff's play when it was performed two decades ago. In 1939 the play had long been buried in oblivion. The name called up no memory of the plaintiff or his play, but was meaningless to the public except as Kyser had given it a new meaning. Upon elementary principles of the law of unfair competition the plaintiff shows no case for relief. *Jackman* v. *Calvert-Distillers Corp. of Massachusetts,* 306 Mass. 423.

There was of course no error in refusing to recommit the report for an assessment of damages where no cause for relief was shown.

> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs.*