WERNER CO. et al. v. ENCYCLOPÆDIA BRITANNICA CO.*

(Circuit Court of Appeals, Third Circuit.  January 11, 1905.)

No. 53.

1. COPYRIGHT—INFRINGEMENT—PRELIMINARY INJUNCTION—REVIEW.

   The granting of a preliminary injunction in a suit for infringement of a copyright being within the discretion of the trial court, an order granting the same will not be set aside on appeal unless it is clearly shown that the court abused its discretion, or was mistaken in its view of the situation.

2. SAME—OBJECTIONS NOT MADE AT TRIAL.

   Where, on an application for a preliminary injunction in a suit for infringement of a copyright, defendant did not object or introduce proof to show that complainants' articles, alleged to have been infringed, were not derived from original sources, such objection could not be considered on appeal from an order granting such injunction.

3. SAME—LACHES.

   Where, in a suit for infringement of copyright, it appeared that complainants and their predecessors in title had no knowledge of the alleged infringing articles until December, 1902, less than a year and a half before suit brought, and that complainants prior to that time were not charged with notice thereof, and the infringing articles did not appear in defendant's publication at first, complainants were not barred by laches.

   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, § 70.

   Laches as a defense to action for infringement of copyright, see notes to Taylor v. Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

   Acheson, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 130 Fed. 460.

John G. Johnson, for appellants.
Frederic R. Kellogg, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge.  This is an appeal from an order made in the Circuit Court of the United States for the District of New Jersey, granting a preliminary injunction against the Werner Company and the American Newspaper Association, defendants below and appellants here, at the suit of the Encyclopædia Britannica Company, complainant and appellee, restraining the publication of certain articles, entitled "Georgia," "Homestead," "Honduras and British Honduras," "Indian Territory," "La Fayette" and "Louisiana," in the American edition of the Encyclopædia Britannica, known as the "Werner" edition.  The bill alleged that the said articles were infringements of certain copyrights owned by complainant and appellee.  This injunction was granted on bill, answers and affidavits.  We are therefore called upon to review the propriety of the discretion exercised by the court below, in granting a preliminary injunction.

As the granting or withholding of a preliminary injunction is within the sound discretion of the court whose jurisdiction is invoked, reviewing courts are reluctant to interfere with the exercise of this dis-

* For dissenting opinion, see 134 Fed. 1024.

cretion, unless it is made clear that there has been an abuse of such discretion, or that the court below was mistaken in the view taken by it of the situation, with reference to which the order was made. A careful reading of the pleadings and moving papers in this case, does not convince us that the court below abused its discretion in the premises, or that it was so mistaken in the exercise thereof as to make a reversal of its action necessary or proper.

The wrong complained of being an infringement of copyrights, the learned judge of the Circuit Court has received testimony of the comparisons made by expert witnesses, as aids to the court, but has chiefly relied, for the making out of a prima facie case, upon such comparisons as he himself has made, between the alleged infringing articles published by defendants below, and the copyrighted articles which they are alleged to infringe. We incline to the opinion that the learned judge has justified himself by these comparisons, in making the order complained of. We therefore refer to his opinion in extenso, as sufficiently stating the grounds of his decree. 130 Fed. 460. We purposely abstain from expressing any views of our own, that might seem determinative of the result after final hearing. The suggestion was made by counsel for the appellants, at the argument before us, that inasmuch as these articles are not works of imagination, but are compilations and compendiums of facts necessarily gathered from many sources already published, the similarity between them results from the common sources from which the facts were derived, and further, that it was necessary for complainant below, not only to allege but prove tl. *. his copyrighted articles were original and not mere copies from other published works.

The bill of complaint does state that the several copyrighted articles were the new and original productions of their several authors. The prima facies of this statement, though slight, will serve for the motion before the court until some evidence is adduced by defendants to impugn the originality of the said articles. Consideration must be had of the truth that it is hard to prove originality, except by the affidavit of the author, and an attempt to prove it is something like attempting to prove a negative; that is, that the articles in question are not plagiarized. Nevertheless, the right of complainant to maintain a suit for infringement of his copyright depends upon the originality of his own production, and some prima facie proof at the hearing must be made in this regard. And still more, if the originality is impugned by evidence at the hearing, tending to show want of originality, that evidence must be overcome by the complainant to the satisfaction of the court. The record discloses no such evidence in the affidavits on behalf of the defendants below, nor was the suggestion to which we have alluded, as made at the argument before us, namely, that the similarity of defendants' to complainant's articles was due to their both having been derived from common sources, made in the court below, much less supported by any testimony. This suggestion, if supported by proof, may be very important at the final hearing, or on a motion made at any time before final hearing, for a dissolution of the injunction, but it cannot now affect our judgment of the propriety of the order made for a special injunction, on the case as made before the court below.

We have also carefully considered the contention of the defendants below, that a preliminary injunction should not be allowed, because of the laches of the complainant and his predecessors in title. We think this defense has been properly disposed of in the opinion of the learned judge of the court below. Not only is there no proof that, at the time of the suits of Black v. Ehrich (C. C.) 44 Fed. 793, and Black v. Henry G. Allen Co. (C. C.) 56 Fed. 764, either complainant or its predecessors in title had any notice of the alleged infringement of the complainant's copyrights, by the articles herein referred to, but there is in the record an affidavit by Charles Scribner, an agent of the Blacks during the litigation, and produced by the appellants here, to the effect that certain of the articles charged by the complainant in this suit to be infringements, were not found in complainant's tenth volume, thus strongly negativing knowledge or notice at that time of the alleged infringements.

The said order is therefore affirmed.