WERNER CO. et al. v. ENCYCLOPÆDIA BRITANNICA CO.

(Circuit Court of Appeals, Third Circuit. January 11, 1905.)

For majority opinion, see 134 Fed. 831.

ACHESON, Circuit Judge (dissenting). I am constrained to dissent from this affirming decree. In my judgment this was not a case for a preliminary injunction. The answers (which at the hearing below at least had the force of opposing affidavits) were fully responsive to the bill and positively negatived all the allegations of the bill upon which the complainant's right to equitable relief depended. Moreover, the answers set up very serious matters of defense, which, I think, should have prevented summary relief. Upon well-settled principles prevailing in courts of equity the merits of the case, it seems to me, ought not to have been decided at a preliminary stage upon conflicting ex parte affidavits. If there was any infringement of copyright here, that infringement began as early as the year 1890 or 1891, and thereafter was continued uninterruptedly by a well-known publication, which was extensively advertised and was notoriously dealt in and sold throughout the United States. This bill was not filed until December 12, 1903. Under the principles declared by the Supreme Court, this extraordinary delay might well preclude equitable relief, even upon final hearing. Badger v. Badger, 2 Wall. 87, 17 L. Ed. 836; Godden v. Kimmell, 99 U. S. 201, 212, 25 L. Ed. 431; Abraham v. Ordway, 158 U. S. 416, 15 Sup. Ct. 894, 39 L. Ed. 1036. But be that as it may, there was such apparent laches on the part of this complainant, and its predecessors in title, as should have prevented the summary interposition of a court of equity in awarding a preliminary injunction. I think that it is my duty to quote, in this connection, the following paragraph from the answer of the defendant the Werner Company:

"(33) This defendant, further answering, on information and belief alleges that the several articles contained in the books published by this defendant, which are alleged to infringe the pretended copyrights of the complainants, are new and original articles, especially prepared by competent writers for the Peale edition of the Encyclopedia Britannica, and that they have all been published continuously in said Peale edition and in said Werner edition, the successor thereof, about from the year 1890 to the present time, with the full knowledge and acquiescence of said Adam and C. Black and of other assignors to complainant, and through whom complainant claims the alleged copyright set up in the bill herein, and that by reason of said long delay of about thirteen years by complainant and its assignors in setting up the alleged rights mentioned in the complaint defendant has been unable to procure the evidence of the writers of the said Peale articles, and of a number of other witnesses acquainted with the facts necessary and material to the defendant for its defense herein; that some of said witnesses have removed to parts unknown, and others have died; that by reason of such delay defendant and its predecessors in business have been induced to believe and have constantly believed that the Peale and the said Werner editions of the Encyclopedia Britannica were in no way infringements of any rights of the said firm of A. and C. Black, or of any persons claiming under said firm, and have been led to expend and have expended great sums of money in improving the said editions; that by reason of such delay the said firm of A. and C. Black, if it ever had any such right as it set up in the bill of complaint, has lost the same, and could not, and legally did not, convey to complainant, or to any

person claiming under the said firm of A. and C. Black, any rights whatever, or any right to the relief, or any part thereof, set up in the complaint herein; and further denies that complainant ever acquired or now has any such rights."

The knowledge of the complainant's assignors is here sufficiently averred, I think, to open the way for and to require full proofs taken in the regular course of procedure before the court would undertake to pass upon the question of their knowledge and acquiescence. I would reverse the order granting a preliminary injunction, and remand the cause to the Circuit Court, to the end that full proofs should be taken touching the rights of the parties, before decree.