STEVENSON et al. v. FOX et al.

(District Court, S. D. New York. October 4, 1915.)

COPYRIGHTS ⚎62—TRANSLATION—INFRINGEMENT UPON PRIOR COPYRIGHTED TRANSLATION.

A translator and moving picture producer have the right to make and use an independent translation from an original French play, with such modifications as their own ingenuity may suggest, but may not transfer into their adaptation variations from and additions to the French play, original with another translator and producer, who first translated and used the French work, copyrighting it in the United States.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 58; Dec. Dig. ⚎62.]

In Equity. Suit by Kate E. Stevenson and the Selig Polyscope Company against William Fox and the Fox Film Corporation. On complainants' motion for temporary injunction. Injunction to issue.

The complaint alleges: That N. Hart Jackson translated into the English language and made an original adaptation for the stage of the drama "Les Deux Orphelines," by D'Ennery and Cormon, under the title "The Two Orphans." That the said translation was duly copyrighted by said N. Hart Jackson on the 1st day of February, 1875. That the said copyright in the said play was renewed by Frances W. Jackson, the widow of N. Hart Jackson, and after the securing of such

renewal she duly assigned said renewal of copyright to the complainant Stevenson. That the defendants have reproduced in motion pictures the said translation, and adaptation by N. Hart Jackson.

Nathan Burkan, of New York City, for complainants.
Saul E. Rogers, of New York City, for defendants.

LACOMBE, Circuit Judge. Defendants undoubtedly had the right to make an independent translation of their own from the original French play, with such modifications as their own ingenuity might suggest. They had no right, however, to transfer into their adaptation variations from and additions to the French play which were original with Jackson, who first translated it and copyrighted it here. They insist that they took their whole scenario from a book published in this country in English and not copyrighted. That book, however, contains alterations from and additions to the original French play, which first appear in Jackson's copyrighted version. In the absence of any proof from the man who produced that book that he took it wholly from the French version, without conveying into it any of Jackson's original work, it is a fair inference that defendant's scenario derives from Jackson, and not from the original source.

As to the renewal, the widow of Jackson was the proper person to apply for it under the statute in force when application was made. As the record now stands, plaintiff seems entitled to an injunction against the production of any of Jackson's original work in the way of variation or addition. Apparently there is not much of this, and it could presumably be eliminated. Therefore the injunction will be suspended for 40 days, to give defendants opportunity to make necessary changes, or to review this decision on appeal. The record being short, and the appeal, if taken, a preferred cause, it can easily be heard in the Circuit Court of Appeals before the expiration of that time.

Order accordingly for injunction, upon plaintiff giving a bond for $2,500.