## HIRSCH v. PARAMOUNT PICTURES, Inc., et al.
### No. 787–Y.

District Court, S. D. California, Central Division.

Jan. 16, 1937.

Hortense Hirsch and William Hicks, of Glendale, Cal., for plaintiff.

O'Melveny, Tuller & Myers, Homer Mitchell, Jackson W. Chance, and J. H. Karp, all of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The plaintiff, Hortense Hirsch, has brought suit against Paramount Pictures, Inc., Mack Gordon, Harry Revel, and others, charging infringement of a copyrighted musical composition entitled "Lady of Love" upon which she had secured a copyright registration as an unpublished work on July 16, 1930. In the complaint, Mack Gordon, a writer of lyrics, and Harry Revel, a composer of popular songs, while in the employ of the motion picture corporation, are charged by the plaintiff to have appropriated eight bars of her musical composition and incorporated it into a musical composition of their own, later copyrighted, entitled "Without a Word of Warning," and which was later used as a "song hit" in the talking picture production produced and exhibited under the title "Two for Tonight."

She seeks damages in the sum of $500,-000 and an accounting.

The defendants deny infringement.

The protection of the copyright law is extended to musical compositions. 17 U. S.C.A. §§ 1(e), 5(d).

In determining whether there has been an infringement of the copyright of a work, certain fundamental principles have been evolved, which the trial of almost every suit for infringement always brings into play.

Every such suit turns upon two fundamental problems—the existence of a copyright protecting an original work and the infringement of the right, through copying.

Ultimately, the determination of these two problems turns on the issues of originality, access, and similarity.

Originality is, ordinarily, challenged by the defendant. And, when he offers proof of lack of originality, by showing the source of the plaintiff's work in material in the public domain, the burden shifts to the plaintiff to overcome that proof. Werner Co. v. Encyclopædia Britannica Co. (C.C.A. 3, 1905) 134 F. 831; Amdur on Copyright (1936) 1057.

In determining the originality of a popular song, we are confronted with the fact that it is built upon a rather simple, accepted pattern. It has, as a rule, three parts in the chorus: The opening strain, which usually runs for eight bars and is repeated for another eight bars, a middle tune of eight bars, and a concluding eight bars, which repeat the first strain. Shafter, Musical Copyright, pp. 155, 161, 166, 171. Similarity of tone succession, which is, to a certain degree, inevitable in all musical compositions, because of the limits of the chromatic scale, is more likely to appear within this narrow pattern. So that if, as Judge Hand has stated, Fred Fisher, Inc., v. Dillingham (D.C.N.Y.1924) 298 F. 145, a musical composition is original if it is "the spontaneous, unsuggested result of the author's imagination," originality in the realm of popular music lies within a very narrow scope. Slight variations in the use of rhythm, or harmony—of accent and tempo—may achieve it.

Even within this simple range, the portion of the plaintiff's composition, of the infringement of which she complains, lacks originality. For the evidence shows conclusively that the source of the eight bars in her composition which she claims to have been copied by the defendants lay in previously published material, some of which had become a part of the public domain of music, through the absence of copyright protection. The original source was given by Mr. Sigmund Romberg, himself a very well-known composer, as a waltz in Johann Strauss' "Die Fledermaus." The first four bars of the chorus, which the plaintiff claims to have been pirated by the defendants, are identical with the Strauss

waltz—the sequence of notes, when transposed to the same key, being g–f–e–c sharp–d–f–c natural–c–c. In the fourth bar there is one change, plaintiff using "b" instead of the "c" in the Strauss waltz. The plaintiff has made no explanation of this similarity. Nor has she attempted to refute the other testimony which demonstrated the similarity between the entire eight bars, as they appear in her composition, and others, all presumably modeled after the Strauss composition. There were offered into evidence and played for the court portions of the following copyrighted compositions "Stairway of Love," "Everybody Rag With Me," "Asleep in the Deep," "Sympathy," "Love Sends a Little Gift of Roses," "Every Day Can't Be Sunday," "Sweethearts," which incorporated, in some form or other, the notes, phrasing, and melodic sequence of the Strauss composition. (See note at end of opinion.)

It is true that infringement may result from copying a work which is based upon material in the public domain. But this happens only when the material so taken has been transformed by the first taker or borrower as to entitle him to a claim of originality. Banks v. McDivitt (C.C.N.Y.1875) 2 Fed.Cas. p. 759, No. 961; Emerson v. Davies (C.C.Mass.1845) 8 Fed.Cas. p. 615, No. 4,436; Gray v. Russell (C.C.Mass. 1839) 10 Fed.Cas. p. 1035, No. 5,728; Stevenson v. Fox (D.C.N.Y.1915) 226 F. 990; American Code Company v. Bensinger (C.C.A.2, 1922) 282 F. 829; Gerlach-Barklow Co. v. Morris & Bendien, Inc. (C.C.A. 2, 1927) 23 F.(2d) 159; National Institute, Inc., v. Nutt (D.C.Conn.1928) 28 F.(2d) 132; Sheldon v. Metro-Goldwyn Pictures Corporation (C.C.A.2, 1936) 81 F.(2d) 49. The plaintiff's composition shows no modification, variation, or improvement made by her upon what she took from Strauss to entitle her to such a claim. So that upon that ground alone she is not entitled to recover.

Nor, even if we accept her version as to the defendants' access to her song and chorus—through her humming it to Revel in a Hollywood restaurant—does her case fare better, on the issue of similarity.

■ To constitute infringement, there must be copying of a substantial or material part of a work—whether we are dealing with a literary work or a musical composition. Eggers v. Sun Sales Corp. (C.C.A.2, 1920) 263 F. 373; Marks v. Leo Feist, Inc. (C. C.A.2, 1923) 290 F. 959; Arnstein v. Edward B. Marks Music Corporation (C.C.A. 2, 1936) 82 F.(2d) 275.

■■ Access assumed, similarity becomes all-important. For, while, through independent production, there may be similarity without copying, Arnstein v. Edward B. Marks Music Corp., supra; Fred Fisher, Inc., v. Dillingham, supra; West Publishing Co. v. Edward Thompson Company (C. C.N.Y.1909) 169 F. 833; Chautauqua School of Nursing v. National School of Nursing (C.C.A.2, 1916) 238 F. 151, there cannot be copying without similarity. Similarity is, ultimately, a question of fact, to be determined by a comparison of the two works.

■ Expert testimony is helpful, especially in matters involving musical composition. But, in the end, the test—as pointed out by the Second Circuit in Arnstein v. Edward B. Marks Music Corp., supra—is resemblance noticeable to the average hearer.

■ In the case of a musical composition, the similarity may arise out of the grouping of notes, similarity of bars, accent, harmony, or melody. Amdur on Copyright, 732–734.

■ The playing of the two compositions, both in recorded form and on the piano in the courtroom, carried no identity of melody to me, even when—although originally written in different keys and tempos (the plaintiff's as a waltz (in B) and the defendants' as a fox trot (in C)—they were played in the same key and tempo. The plaintiff's own expert admitted that the melodies were not identical. And the analysis of the structure and harmonies of the two songs by the defendants' experts showed conclusively the absence of identity of notes, bars, phrasing, harmony, and the other elements upon which the similarity of musical compositions must rest. (See note at end of opinion.)

We conclude that no infringement has been shown.

Judgment will be for the defendants, that the plaintiff take nothing by her suit and that the defendants recover of and from her the sum of $1,500 as attorney's fees, and for costs of suit.

Judgment and findings under rule 44.

NOTE: It is difficult to describe by words similarities or differences in musical compositions. They can be best illustrated by the music itself. There is, therefore, attached here, by way of illustration, one of

819

the exhibits demonstrating the similarity be- and the others referred to in the opinion.
tween the eight bars in the plaintiff's song It is as follows: