**Cal WILLIAMS, doing business as Trophy Center, Appellant,**

v.

**KAAG MANUFACTURERS, INC., et al., Appellees.**

**No. 19331.**

United States Court of Appeals Ninth Circuit.

Dec. 2, 1964.

---

M. Roy Spielman, Christie, Parker & Hale, Pasadena, Cal., Cecil L. Wood,. Dallas, Tex., for appellant.

George H. Halbert, Mahoney, Halbert. & Hornbaker, Los Angeles, Cal., for appellees.

Before BARNES and HAMLIN, Circuit Judges, and PENCE, District Judge.

BARNES, Circuit Judge.

This is an appeal from a judgment of the trial court that appellees had not infringed appellant's copyrighted cowboy trophy figurine. (Finding 6, Tr. p. 58.) Appellant sells at retail metal trophies usually given at horse shows or amateur rodeos as prizes. Appellees manufacture and sell such trophies wholesale. The cowboy trophy figurine was created by appellees at appellant's request to portray a cowboy figure holding a non-existent. horse's rein. The trial court held (1) there had been no infringement of the copyright; (2) such similarity as exists between the orginal figure, manufactured for appellant by appellees, and appellees' subsequently produced figure, "is merely the result of identity of a cowboy figure as commonly depicted;" (Finding 7, Tr. p. 58) and (3) "the minimal requirements of the law of copyright to show deliberate copying have not been shown to exist in this case." (Finding 8, Tr. p.. 58.) These three findings were made following the court's written decision to the same effect (Tr. p. 56) and are each alleged to be error on this appeal.

Jurisdiction existed below pursuant to 17 U.S.C. § 101; 28 U.S.C. § 1338(a) and (b), and exists with this court on this appeal. 28 U.S.C. § 1291.

Appellant is the owner and holder of a Certificate of Copyright Registration, No. Gp 36,325, issued January 22,.

1963, on a cowboy trophy figurine. (Appellant's Ex. D.) The trial court so found (Finding 4, Tr. p. 58). But the trial court did not pass upon the validity of the copyright. Though challenged by appellees below, it was unnecessary to rule on the validity of the copyright, in view of the court's finding there was no infringement.

Appellant urges upon us that "casual observation of the respective figures * * * reveals a highly significant similarity"; that "the figures are identical in all essential features"; and hence "that the accused figure infringes the copyrighted figure."

■■ "A Chinese copy" is not required, says appellant, citing Contemporary Arts, Inc. v. F. W. Woolworth Co., 193 F.2d 162 (2d Cir. 1950), affirmed 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276. We agree. We also agree that "[T]he question of infringement is dependent upon the question whether the ordinary reasonable person would fail to differentiate between the two works or would consider them dissimilar by reasonable observation," although we fail to find such language (so quoted in appellant's brief) contained in Hein v. Harris, 175 F. 875 (2d Cir. 1910) (erroneously cited as 177 F. in such brief).

But an ordinary reasonable person, here represented in the person of the trial judge,[1] has ruled the two figures are "similar in some respects," (Finding 5, p. 58), but that they are not "the same."

■■ This finding is a finding of fact. Hirsch v. Paramount Pictures, Inc., 17 F.Supp. 816 (S.D. Cal.1937).

■■ In coming to his conclusion the trial judge is supported in the record by the testimony (a) of the appellees' president, Ernest O'Brien, as to eleven specific differences in the two figures (Tr. pp. 79–82); (b) by the testimony of Kyle (Tr. p. 110); (c) the testimony of Kemp (Tr. p. 138); (d) the testimony of Duncan (Tr. p. 146). Appellant's position is supported only by his suggestion that a look at the two figurines reveals their identity.

■■ Our only problem is to determine if the trial court's conclusion on this question of fact was "clearly erroneous." Fed.R.Civ.P. 52(a). Nimmer on Copyright, § 140, p. 606. We have commented frequently on the inappropriateness of substituting our judgment for that of the trial judge on questions of fact. The more vague the test, the less inclined are we to intervene. Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79 (9th Cir. 1962).

And we note from our own observation that there is at least one striking dissimilarity between the two figures: the angle of extension of the right arm from the body. We cannot hold the trial court's findings claimed to be errors 1 and 2 were "clearly erroneous."

■ Appellant urges the court's finding that there was no deliberate copying by appellees of his cowboy figurine is "unrealistic," because access was proved. Access is important, and should be given due weight by the trier of fact, but is not decisive. To make proof of access the one controlling factor would eliminate the necessity for proof of any real identity or similarity. "Noteworthy" similarity must still be found. Bradbury v. Columbia Broadcasting System, Inc., 287 F.2d 478 (9th Cir. 1961). Here it was not. And, of course, originality is essential. Here it was disputed, but no finding was made.

■ Appellant raises questions as to originality, unfair competition, statutory notice, measure of damages, and attorneys' fees. None of these matters are properly before us. The court found no unfair competition (Finding 8, Tr. p. 56), and his finding is not alleged as error. Originality and statutory notice of copyright go to the question of validity,

---

1. The trial judge is "an inexpert observer." Prestige Floral Societe Anonyme v. Zunino-Altman, Inc., 203 F.Supp. 649 (S.D.N.Y.1962), aff'd per curiam 301 F.2d 286 (2d Cir. 1962).

**952**

which was not passed upon in the court below, as it was unnecessary. Attorneys' fees, costs and damages simply are not in the case before us.

Affirmed.