**VAN CLEEF & ARPELS, INC.,**
Plaintiff,

v.

Stanley **SCHECHTER** and Jerome Grossbardt, individually and as partners, doing business under the firm name and style of Honora Jewelry Company, Defendants.

No. 65 Civil 1823.

United States District Court
S. D. New York.

Dec. 31, 1969.

Keesing & Layton, New York City, for plaintiff, Charles D. Monto, New York City, of counsel.

Friedman & Goodman, Brooklyn, N.Y., for defendants, Abraham Friedman, Abraham Goodman, Brooklyn, N.Y., of counsel.

OPINION, FINDINGS OF FACT and CONCLUSIONS OF LAW

LEVET, District Judge.

Plaintiff, Van Cleef & Arpels, Inc. (Van Cleef), alleging infringement of a copyright on a jewelled clip and unfair competition, brings suit against defendants, Stanley Schechter and Jerome

Grossbardt in their individual capacities and as partners doing business under the name Honora Jewelry Company. The defendants counterclaim for a declaratory judgment that the plaintiff's copyright is invalid and for unfair competition.

Pursuant to Rule 42(b), F.R.Civ.P., and the consent of the parties, only the threshold question of the plaintiff's ownership of the copyright on the jewelled clip was tried by the court.

## THE COMPLAINT

The plaintiff claims that it is the proprietor of a copyright on a certain "ladies' jewelled clip" which is an "original work of art" and that "the defendants infringed said copyright by publishing, manufacturing, and placing upon the market * * * an item of jewelry which is a copy of the plaintiff's copyrighted work * * *." Plaintiff further contends that the defendants engaged in "unfair trade practices and unfair competition." The copyright in suit is identified as " 'Leo the Lion' Clip"—Class G, No. Gp 33864—June 1, 1962.

## THE DEFENSES AND COUNTER-CLAIMS

The defendants deny infringement and unfair competition on their part and raise the issue of the plaintiff's ownership of the copyright. As a first counterclaim the defendants seek a declaratory judgment (1) that the plaintiff's copyright is invalid, on several grounds, such as (a) the work purportedly copyrighted has been in the public domain at all times, (b) has been published with defective copyright notice, and (c) has been represented in a two-dimensional manner in periodicals without proper copyright notice; and (2) that the defendants' clip does not infringe upon the plaintiff's copyright because the clip was developed independently, rather than being copied from the plaintiff's item.

As a second counterclaim the defendants allege that the plaintiff engaged in unfair competition, for the purpose of damaging the defendants' business and reputation, by informing Marcus & Company, a customer of the defendants, that a lion pin offered for sale to them by the defendants infringed "the pin covered by United States Copyright Registration No. Gp 33864;" that Marcus & Company thereupon returned purchased pins "and has since done no further business with defendant[s];" and that this act has caused irreparable damage to the defendants' business in this item and has damaged the defendants' "business reputation and good will."

Plaintiff predicates jurisdiction of its copyright infringement claim upon Title 17 U.S.C. and of its unfair competition claim on 28 U.S.C. § 1338. Defendants assert jurisdiction of their claim for declaratory judgment under 28 U.S.C. § 2201.

After hearing the testimony of the parties, examining the exhibits, the pleadings and the Proposed Findings of Fact and Conclusions of Law submitted by counsel, this court makes the following Findings of Fact and Conclusions of Law on the question of ownership of the copyright:

## FINDINGS OF FACT

1. The court has jurisdiction of the parties and of the subject matter of this action.

2. The plaintiff, Van Cleef & Arpels, Inc., is a corporation organized under the laws of the State of New York and engaged in the sale of fine jewelry.

3. The defendants, individuals doing business as partners under the name Honora Jewelry Company, are engaged in manufacturing and wholesaling jewelry.

4. The subject matter of the controversy is a jewelled clip in the form of a lion and known as the "Leo the Lion" clip. (Pl. Ex. 1; Stenographer's Minutes, October 10, 1969, p. 5)

5. Plaintiff filed application for Copyright Registration of the Leo the

Lion clip on June 1, 1962, stating that "Van Cleef & Arpels" was the copyright claimant and that "Van Cleef & Arpels, Inc." was the author of the clip. (Deft. Exs. I, J)

6. This application was returned to the plaintiff by the Copyright Office for signature and a statement of the citizenship of the author of the clip, both of which had been omitted from the original application. (Deft. Ex. I)

7. The plaintiff's amended copyright application stated that the citizenship of the author was the U.S.A. (Deft. Ex. J)

8. A Certificate of Registration of a Claim to Copyright, No. Gp 33864, dated June 1, 1962, was issued to plaintiff for the piece of artistic jewelry known as the Leo the Lion clip. (Pl. Ex. 2)

9. The Leo the Lion clip was not designed or originated by any person employed by or on the payroll of the plaintiff, Van Cleef & Arpels, Inc. (SM 27–29)

10. A. Pery & Cie, Paris, France, designed and originated the Leo the Lion clip. (SM 27, 91)

11. Payments which were characterized by the plaintiff's witness as "royalty * * * [or] commission payments" were made by plaintiff to A. Pery & Cie with respect to the Leo the Lion clip. (SM 57–58)

12. The plaintiff's designation of itself as the *author* of the Leo the Lion clip in its application for Copyright Registration was unfounded.

13. There are several companies, including the plaintiff, which employ the term "Van Cleef & Arpels" as part of their business name. The other companies which employ the name are located throughout the world and are "not connected" with the plaintiff. (SM 34–35, 39–42)

14. Van Cleef & Arpels, S.A. is a corporation located in Paris, France, and is a "separate corporation" from the plaintiff. (SM 35)

15. The plaintiff has failed to prove by a fair preponderance of the credible evidence that A. Pery & Cie was an independent contractor commissioned by the plaintiff to design or create the Leo the Lion clip.

16. Plaintiff has failed to prove by a fair preponderance of the credible evidence that it is either the author or the proprietor or assignee of the work purported to have been copyrighted by it.

## DISCUSSION

■ In essence, the issue involved in the question of the plaintiff's ownership of the "Leo the Lion" copyright is whether the plaintiff is the author, *proprietor or assign* within the meaning of 17 U.S.C. § 9 so as to entitle it to copyright protection. "Authorship is a *sine quo non* for any claim of copyright * * *. That is, the person claiming copyright must either himself be the author, or he must have succeeded to the rights of the author * * *." Nimmer on Copyright § 60 (1968).

■ The Certificate of Copyright Registration relating to the Leo the Lion clip was introduced in evidence by the plaintiff, and, under 17 U.S.C. § 209, constitutes prima facie evidence of the facts stated therein, one of which is that authorship of the clip is in the plaintiff. Freudenthal v. Hebrew Pub. Co., 44 F. Supp. 754 (S.D.N.Y.1942). Therefore, the initial burden is on the defendant to introduce evidence sufficient to overcome this presumptive validity. Gardenia Flowers, Inc. v. Joseph Markovits, Inc., 280 F.Supp. 776 (S.D.N.Y.1968); National Institute, Inc. v. Nutt, 28 F.2d 132 (D.Conn.1928), aff'd 31 F.2d 236 (2nd Cir.1929).

However, upon proof by the defendant of facts contrary to those stated in the Certificate of Registration, the burden of overcoming this evidence shifts to the plaintiff. Gardenia Flowers, Inc. v. Joseph Markovits, Inc., supra; Hirsch v. Paramount Pictures Inc., 17 F.Supp. 816 (S.D.Cal.1937); Werner Co. v. Encyclopaedia Britannica Co., 134 F. 831 (3rd Cir.1905).

The defendant has offered sufficient evidence to shift to the plaintiff the burden of proving the validity of its copyright. The plaintiff has failed to sustain this burden of proof.

While both the application for Copyright Registration (Deft. Ex. J) and the Certificate of Copyright Registration (Pl. Ex. 2) state that the plaintiff is the "author" of the clip, plaintiff's sole witness, its "Boutique Merchandise Manager," testified that the plaintiff was not the creator or designer of this piece. (Finding of Fact 9) During the course of his testimony, plaintiff's witness testified that he "believed" the creator to be either A. Pery, the individual, or A. Pery & Cie (the company); that A. Pery was not an employee of the plaintiff; and that A. Pery & Cie designed the piece. (SM 27–29, 91) From this testimony it is evident that the plaintiff was not the actual author of the clip.

In support of its contention that it was nevertheless entitled to secure copyright on the work in question, the plaintiff appears to offer two theories, which are in essence, (1) that it has succeeded to the rights of the author as assignee; and (2) that the plaintiff possessed the rights of the author by virtue of its relationship to the creator.

 First, since the Copyright Act, 17 U.S.C. § 9, specified that proprietors and assigns, in addition to authors, are entitled to secure copyright, plaintiff claims that it was entitled to secure copyright as such. The plaintiff in its Proposed Conclusions of Law has recognized that while at first blush the statutory use of the terms "proprietors" and "assigns" contemplates a distinction, it has been held that "proprietor" is equivalent to "assign." Public Ledger v. New York Times, 275 F. 562 (S.D.N.Y.1921), aff'd, 279 F. 747 (2nd Cir.), cert. denied, 258 U.S. 627, 42 S.Ct. 383, 66 L.Ed. 798 (1922); see Nimmer, supra, § 61.3.

The plaintiff's contention that it is entitled to a copyright as an assignee of the work in question is wholly unsupported by evidence. No evidence has been introduced of any assignment, oral or written, between the plaintiff and the creator of the clip. It is true that a common law copyright may be assigned orally and an assignment may be implied from the conduct of the parties. Houghton Mifflin Co. v. Stockpole Sons, Inc., 104 F.2d 306 (2nd Cir.), cert. denied, 308 U.S. 597, 60 S.Ct. 131, 84 L. Ed. 499 (1939); Gerlach-Barklow Co. v. Morris & Bendien, Inc., 23 F.2d 159 (2nd Cir.1927); Nimmer, supra, § 120.-1.

However, I believe that the evidence adduced at trial negates any such implication. The record shows that after the purported copyright, A. Pery & Cie, Paris, France, manufactured the lion clip, provided clips to the plaintiff and to Van Cleef & Arpels, S.A., a totally independent corporation (Finding of Fact 14) with the knowledge of the plaintiff, and that "royalty * * * [or] commission payments" were made by the plaintiff to A. Pery & Cie. (SM 49–51, 57–58, 78–79) Royalty payments may be a valid consideration for an assignment, where such an assignment is shown to exist. Rose v. Bourne, Inc., 176 F.Supp. 605 (S.D.N.Y.1959), aff'd, 279 F.2d 79 (2nd Cir.), cert. denied, 364 U.S. 880, 81 S.Ct. 170, 5 LEd.2d 103 (1960). In the total absence of evidence of assignment, however, royalty payments appear to be more consistent with a licensing arrangement. Furthermore, since the plaintiff has no exclusive rights in the piece in question, I believe no assignment should be implied.

 The second theory advanced by the plaintiff in support of its contention that it was entitled to secure a copyright on the lion clip is as follows: Plaintiff commissioned an independent contractor to create this work; therefore, authorship, for the purposes of copyright, vested in plaintiff. Section 26 of the Copyright Act, 17 U.S.C. § 26, provides that the "author" of a work shall include an employer in the case of works made for hire. The statute has been held to create a presumption in favor of the employer, Scherr et al. v. Universal Match

Corp. et al., 417 F.2d 497 (2nd Cir. 1969), cert. denied 396 U.S. —, 90 S.Ct. 945, 25 L.Ed.2d — (1970); Brattleboro Publishing Co. v. Winmill Publishing Corp., 369 F.2d 565 (2nd Cir.1966); Nimmer, supra, § 62.1, and the doctrine has been extended to apply to cases where the parties bear the relationship of employer and independent contractor. Brattleboro Publishing Co. v. Winmill Publishing Corp., supra. Whether the copyright ownership resides in the person commissioning the work or in the independent contractor is a matter of the intent of the parties where intent can be ascertained. If intent cannot be ascertained, a presumption of copyright ownership runs in favor of the employer. Yardley v. Houghton Mifflin Co., 108 F.2d 28 (2nd Cir. 1939), cert. denied, 306 U.S. 686, 60 S. Ct. 891, 84 L.Ed. 1029 (1940); Nimmer, supra, § 63.

The difficulty with respect to plaintiff's position is that it presupposes that Van Cleef and the originator of the lion piece were in the relationship of *employer* who commissioned a work and *contractor* who created the work as commissioned. This presumption is not supported by the evidence. No evidence of such relationship between Van Cleef and A. Pery & Cie relating to the lion clip was offered by plaintiff's sole witness at the trial on the issue of ownership. The plaintiff, apparently recognizing this problem, attempts to rely on an amendment to the pretrial deposition of this witness, which deposition was offered in evidence by the defendant. (Deft. Ex. A) At the time this deposition was taken, the witness admitted having no real knowledge as to who the creator of the lion clip was or what the relationship between the plaintiff, Van Cleef, and the creator was. (Deft. Ex. A, pp. 4–6) The deposition was later amended to state that the piece was created by A. Pery & Cie of Paris, France, for "Van Cleef & Arpels, Inc.," from a suggestion made by "Van Cleef & Arpels,"[1] and that A. Pery & Cie was an independent contractor. (Deft. Ex. A, p. 27)

◼ I am cognizant of the fact that a party may not ordinarily cumulate evidence by testifying both in person and by deposition. Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 2A, p. 162. Moreover, the defendants have not, by introducing the deposition of the plaintiff's "Boutique Merchandise Manager," made the deponent their witness. Rules 26(d) (2), 26(f), F.R.Civ.P. However, since the defendants have introduced the entire deposition into evidence and no objection was made to the introduction of any part thereof, I have considered the deposition of the plaintiff's witness for what it is worth.

◼ A reading of this deposition amply demonstrates that he had no personal knowledge of the relationship between Van Cleef & Arpels, Inc. and the creator of the clip. At the trial an attempt was made to elicit the witness' testimony as to this matter, and, upon objection, the testimony was excluded because the witness was again unable to show any personal knowledge. In view of this prior and subsequent lack of personal knowledge, little credence can be given to conclusory statements added to the transcript of the pre-trial examination after its conclusion.

Accordingly, I find that the deponent's amended conclusory statements to the effect that the clip was made for Van Cleef & Arpels, Inc. by A. Pery & Cie, an independent contractor, from a suggestion made by "Van Cleef & Arpels" are insufficient to sustain the plaintiff's contention of ownership in light of the entire deposition and the testimony of the deponent at trial.

The plaintiff has failed to prove that it is the owner of the copyright, and its claim for copyright infringement must be dismissed.

---

1. See Finding of Fact 13 for distinction between "Van Cleef & Arpels" and "Van Cleef & Arpels, Inc."

At the conclusion of the trial of this action the parties stipulated that if the claim of copyright ownership were determined adversely to the plaintiff, its unfair competition claim would be dismissed and the unfair competition claim of the defendant would be withdrawn. (SM 105–106) Since the plaintiff's claim of ownership has been dismissed, it is unnecessary to consider any other claims originally asserted.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and of the subject matter of this action.

2. The jewelled clip in question was created by A. Pery & Cie, Paris, France, rather than by plaintiff; plaintiff has failed to prove by a fair preponderance of the credible evidence that A. Pery & Cie assigned this work to the plaintiff.

3. The plaintiff has failed to prove by a fair preponderance of the credible evidence that with regard to this jewelled clip the relationship of employer and independent contractor existed between Van Cleef & Arpels, Inc. and A. Pery & Cie so as to entitle the plaintiff to the presumption of copyright ownership.

4. The copyright infringement claim of the plaintiff is dismissed with costs.

5. All other claims of the plaintiff are dismissed.

6. The defendants' claim for unfair competition is withdrawn.

Defendants, having requested attorneys' fees in their answer, may promptly move upon suitable motion papers for allowance of attorneys' fees. The motion may be made returnable at my chambers, room 2103, at 4:00 P.M. on any court day; opposing papers must be filed before the return date. As soon as this motion is determined, judgment should be settled upon notice.