## CINCINNATI & SUBURBAN BELL TELEPHONE CO. v. BROWN et al.

### No. 705.

District Court, S. D. Ohio, W. D.

Oct. 13, 1930.

632

J. W. Heintzman and James N. Ramsey, both of Cincinnati, Ohio, for plaintiff.

Allen & Allen, of Cincinnati, Ohio, for defendants.

NEVIN, District Judge.

The court is of the opinion that under the circumstances a preliminary injunction should issue. I do not think that this situation is comparable with clubs, establishments, etc., having their own lists of addresses and telephone numbers and I do not think it is comparable with the Williams Directory. I think it is a matter of common knowledge that a canvasser for the Williams Directory gets the names of everybody in the house, their residence and business addresses, and in some instances phone numbers, and puts them down on the subscription or information card.

Whether or not, strictly speaking, the telephone company is entitled, under the strict rules of copyright law, to this injunction, I am not going to pass on at this time. I think there is somebody else interested in this proceeding; that is, the public. It has been stated that the Telephone Company is a quasi public corporation. The telephone has ceased to be a luxury and has become a necessity in all business houses and in substantially all homes; everybody that can afford it has a telephone. Therefore, to get out a list of this kind and represent that it is an accurate list of the numbers in the telephone book, no doubt, does lead to confusion and results in extra maintenance cost that has been referred to by the officers of the company, and it is just that much more expense that every subscriber has to pay for the maintenance of his telephone service, and, if books like these issued by defendants continued to be gotten out, more operators would have to be employed to take care of the confusion caused,

and, of course, the telephone company, in order to cover this expense, along with other added expenses, would apply for higher rates, and subscribers would have to pay higher rates. I understand that this is only a drop in the bucket, but drop upon drop fills a bucket; so it is here that all these things accumulate, and it puts the burden on the public, and the telephone has become such a useful instrument that it ceases—it has long ceased to be just a matter for the convenience of a few. Everybody uses it more or less, sooner or later.

The defendants—I have no criticism to offer as to either of them—perhaps if they had been here might have been able to throw some light on the situation. It seems reasonable to suppose that these lists of names and addresses have been taken by defendants from the directory of the telephone company. They do not contain any new numbers, and are no aid to the public or to the subscribers. They do not seem to me to be of any assistance to anybody, save only as mediums of advertising for such profit as these defendants can make out of them. There is nothing unlawful in that; they have a right to advertise, but without some explanation from them, or without somebody who can speak for them (and Mr. Allen cannot do that as he has not been informed), I think the court should issue an injunction.

Now there is no explanation offered by the defendants, and, not having sufficient interest to have given their counsel an explanation which he in turn could give in court, I think it is proper to issue a preliminary injunction. If the defendants elect to file a motion to modify that order, they shall not be deprived of their day in court, for the court is here for any one who wishes to be heard. If they wish to be heard, I will hear such a motion, and, if I am in error, I will be very glad to reverse my decision. The order for preliminary injunction may issue on the filing of a bond for $2,000.

It seems to me that the publishing of books such as these, purporting to be authorized ones, leads to confusion and is not to the best interests of the public service, and, unless defendants should have some very good reasons to the contrary, I think the injunction should issue. Accordingly, I will issue it now, and, as I say, the court is always open. If defendants' counsel wish to come in later to file a motion to modify that order at some time convenient to the court and coun-

sel, I will hear it. If defendants are not interested enough to advise the counsel and court, there is nothing more to be said about the matter.