SOUTHERN BELL TELEPHONE & TELE-
GRAPH CO. v. DONNELLY.

No. 188 T.

District Court, S. D. Florida.
Sept. 3, 1940.

McKay, Macfarlane, Jackson & Fergu-
son, of Tampa, Fla., for plaintiff.

No counsel appeared for defendant.

BARKER, District Judge.

This cause coming on to be heard upon
plaintiff's sworn complaint, and the testi-
mony taken in support thereof, and it
appearing to the court that default has
been duly entered against the defendant,
Fred F. Donnelly and Fred F. Donnelly
doing business as Florida Directory Com-
pany, for failure of the said defendant to
appear, plead, answer or otherwise defend
in accordance with the rules of practice
of this court, and the court being fully
advised in the premises, does find:

Findings of Fact.

1. That this court has jurisdiction of
the plaintiff, Southern Bell Telephone and
Telegraph Company, a corporation, and
of the defendant, Fred F. Donnelly and
Fred F. Donnelly doing business as Florida
Directory Company, and of the subject
matter of this cause.

2. That Fred F. Donnelly was at all
times during the years 1938 and 1939,
the period material to the subject matter
of this suit, the owner and operator of
"Florida Directory Company", and that
one J. Novotny, named in the complaint
in this cause, at no time during the said
period had an interest in the ownership
of "Florida Directory Company", or a
part in its operation, and that "Florida
Directory Company" was, during the said
period, and is, a trade-name used by the
defendant, Fred F. Donnelly, in the pub-
lication of certain criss-cross directories
hereinafter described.

3. That on or about May 19, 1939, plain-
tiff, created, compiled and wrote an origi-
nal book entitled, "Telephone Directory,
Jacksonville, Florida, May, 1939, corrected
through April 15, 1939, by William R.
Whitaker, Directory Manager", and that
said book was duly published, copyrighted
and registered under the Acts of Congress
applicable thereto, and that certificate of
registration was issued thereon, dated and
identified as follows: "May 19th, 1939,
Class AA, No. 299690", and that plaintiff
is the sole proprietor and owner of all
right, title and interest in and to its copy-
right on the said book.

4. That subsequent to the perfection by
the plaintiff of its copyright on the said
book entitled "Telephone Directory, Jack-
sonville, Florida, May, 1939, corrected
through April 15th, 1939, by William R.
Whitaker, Directory Manager", the de-
fendant, Fred F. Donnelly, doing busi-
ness as and under the name of "Florida
Directory Company", published and dis-
tributed his book entitled "Jacksonville Yel-
low Book Criss-Cross Telephone Directory,
Jacksonville, Florida, July, 1939", and that
said book was copied from plaintiff's copy-
righted book aforesaid, and that the action
and conduct of the defendant, Fred F.
Donnelly, as aforesaid, constitutes an in-
fringement upon and violation of plain-
tiff's said copyright.

5. That on or about December 19, 1939,
plaintiff created, compiled and wrote an
original book entitled, "Telephone Di-
rectory, Jacksonville, Florida, December,
1938, corrected through November 15, 1938,
by William R. Whitaker, Directory Man-
ager", and that said book was duly pub-
lished, copyrighted and registered under
the Acts of Congress applicable thereto, and
that certificate of registration was issued
thereon, dated and identified as follows:
"December 19th, 1938, Class AA, No.
287402", and that plaintiff is the sole pro-
prietor and owner of all right, title and

**426**

interest in and to its copyright on the said book.

6. That subsequent to the perfection by the plaintiff of its copyright on the said book entitled "Telephone Directory, Jacksonville, Florida, December, 1938, corrected through November 15th, 1938, by William R. Whitaker, Directory Manager", the defendant, Fred F. Donnelly, doing business as and under the name of "Florida Directory Company", published and distributed his book entitled "Jacksonville Yellow Book Criss-Cross Telephone Directory, Jacksonville, Florida, February, 1939", and that said book was copied from plaintiff's copyrighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringment upon and violation of plaintiff's said copyright.

7. That on or about December 27, 1937, plaintiff created, compiled and wrote an original book entitled, "Telephone Directory, Mobile, Alabama, December, 1937, corrected through November 24th, 1937, by William R. Whitaker, Directory Manager", and that said book was duly published, copyrighted and registered under the Acts of Congress applicable thereto, and that certificate of registration was issued thereon, dated and identified as follows: "December 27th, 1937, Class AA, No. 255296", and that plaintiff is the sole proprietor and owner of all right, title and interest in and to its copyright on the said book.

8. That subsequent to the perfection by the plaintiff of its copyright on the said book entitled "Telephone Directory, Mobile, Alabama, December, 1937, corrected through November 24th, 1937, by William R. Whitaker, Directory Manager", the defendant, Fred F. Donnelly, doing business as and under the name of "Donnelly Publishing Company", published and distributed his book entitled "Donnelly's Yellow Book Criss-Cross Telephone Directory, Mobile, Alabama, 1938", and that said book was copied from plaintiff's copyrighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringement upon and violation of plaintiff's said copyright.

9. That on or about June 25, 1938, plaintiff created, compiled and wrote an original book entitled, "Telephone Directory, Nashville, Tennessee, June, 1938, corrected through May 25th, 1938, by William R. Whitaker, Directory Manager", and that said book was duly published, copyrighted and registered under the Acts of Congress applicable thereto, and that certificate of registration was issued thereon, dated and identified as follows: "June 25th, 1938, Class AA, No. 271721", and that plaintiff is the sole proprietor and owner of all right, title and interest in and to its copyright on the said book.

10. That subsequent to the perfection by the plaintiff of its copyright on the said book entitled "Telephone Directory, Nashville, Tennessee, June, 1938, corrected through May 25th, 1938, by William R. Whitaker, Directory Manager", the defendant, Fred F. Donnelly, doing business as and under the name of "Donnelly Publishing Company", published and distributed his book entitled, "Donnelly's Yellow Book Criss-Cross Telephone Directory, Nashville, Tenn., July, 1938", and that said book was copied from plaintiff's copyrighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringement upon and violation of plaintiff's said copyright.

11. That on or about May 8, 1936, the Lexington (Ky.) Telephone Company, Incorporated, created, compiled and wrote an original book entitled, "Lexington (Ky.) Telephone Directory, May, 1936, by Lexington Telephone Company, Inc., of the United States", and that said book was duly published, copyrighted and registered under the Acts of Congress applicable thereto, and that certificate of registration was issued thereon, dated and identified as follows: "May 8th, 1936, Class AA, No. 203796", and that Lexington (Ky.) Telephone Company, Incorporated, is the sole proprietor and owner of all right, title and interest in and to its copyright on the said book.

12. That subsequent to the perfection by Lexington Telephone Company, Incorporated, of its copyright on the said book entitled "Lexington (Ky.) Telephone Directory, May, 1936, by Lexington Telephone Company, Inc., of the United States", the defendant, Fred F. Donnelly, doing business as and under the name of "Donnelly Publishing Company", published and distributed his book entitled "Donnelly's Yellow Book Criss-Cross Telephone Directory, Lexington, Ky., 1936 Edition", and that the said book was copied from Lexington Telephone Company, Incorporated's,

copyrighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringement upon and violation of Lexington Telephone Company, Incorporated's said copyright.

13. That on or about June 1, 1937, Lexington Telephone Company, Incorporated, created, compiled and wrote an original book entitled "Lexington (Ky.) Telephone Directory, June, 1937, corrected to April 12th, 1937, by Lexington Telephone Company, Inc.", and that the said book was duly published, copyrighted and registered under the Acts of Congress applicable thereto, and that certificate of registration was issued thereon, dated and identified as follows: "June 1st, 1937, Class AA, No. 238600", and that Lexington Telephone Company, Incorporated, is the sole proprietor and owner of all right, title and interest in and to its copyright on the said book.

14. That subsequent to the perfection by Lexington Telephone Company, Incorporated, of its copyright on the said book entitled "Lexington (Ky.) Telephone Directory, June, 1937, corrected to April 12th, 1937, by Lexington Telephone Company, Inc.", the defendant, Fred F. Donnelly, doing business as and under the name of "Donnelly Publishing Company", published and distributed his book entitled "Donnelly's Yellow Book Criss-Cross Telephone Directory, Lexington, Ky., 1937–1938", and that the said book was copied from Lexington Telephone Company, Incorporated's, coprighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringement upon and violation of Lexington Telephone Company, Incorporated's, said copyright.

15. That on or about June 7th, 1938, Lexington Telephone Company, Incorporated, created, compiled and wrote an original book entitled, "Lexington (Ky.) Telephone Directory, June, 1938", and that said book was duly published, copyrighted and registered under the Acts of Congress applicable thereto, and that certificate of registration was issued thereon, dated and identified as follows: "June 7th, 1938, Class AA, No. 271790", and that Lexington Telephone Company, Incorporated, is the sole proprietor and owner of all right, title and interest in and to its copyright on the said book.

16. That subsequent to the perfection by Lexington Telephone Company, Incorporated, of its copyright on the said book entitled "Lexington (Ky.) Telephone Directory, June, 1938", the defendant, Fred F. Donnelly, doing business as and under the name of "Donnelly Publishing Company", published and distributed his book entitled "Donnelly's Yellow Book Criss-Cross Telephone Directory, Lexington, Ky., 1938–1939", and that the said book was copied from Lexington Telephone Company, Incorporated's, copyrighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringement upon and violation of Lexington Telephone Company, Incorporated's, said copyright.

17. That on or about January 4, 1938, the Peninsular Telephone Company, a Florida corporation, created, compiled and wrote an original book entitled, "Telephone Directory for Tampa, Florida, No. 68, January, 1938, Issue, corrected to December 1st, 1937", and that said book was duly published, copyrighted and registered under the Acts of Congress applicable thereto, and that certificate of registration was issued thereon, dated and identified as follows: "January 4th, 1938, Class AA, No. 252984", and that Peninsular Telephone Company, a Florida corporation, is the sole proprietor and owner of all right, title and interest in and to its copyright on the said book.

18. That subsequent to the perfection by Peninsular Telephone Company, a Florida corporation, of its copyright on the said book entitled "Telephone Directory for Tampa, Florida, No. 68, January, 1938, Issue, corrected to December 1st, 1937", the defendant, Fred F. Donnelly, doing business as and under the name of "Donnelly Publishing Company", published and distributed his book entitled "Donnelly's Yellow Book Criss-Cross Telephone Directory, Tampa, Florida, 1938", and that the said book was copied from Peninsular Telephone Company's copyrighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringement upon and violation of Peninsular Telephone Company's said copyright.

19. That on or about July 5th, 1938, Peninsular Telephone Company, a Florida corporation, created, compiled and wrote an original book entitled "Telephone Di-

rectory for St. Petersburg, Florida, No. 62, July, 1938 Issue, corrected to June 1st, 1939, by Peninsular Telephone Company", and that the said book was duly published, copyrighted and registered under the Acts of Congress applicable thereto, and that certificate of registration was issued thereon, dated and identified as follows: "July 5th, 1938, Class AA, No. 273061", and that Peninsular Telephone Company, a Florida corporation, is the sole proprietor and owner of all right, title and interest in and to its copyright on the said book.

20. That subsequent to the perfection by Peninsular Telephone Company, a Florida corporation, of its copyright on the said book entitled "Telephone Directory for St. Petersburg, Florida, No. 62, July, 1938 Issue, corrected to June 1st, 1939, by Peninsular Telephone Company", the defendant, Fred F. Donnelly, doing business as and under the name of "Donnelly Publishing Company", published and distributed his book entitled "Donnelly's Yellow Book Criss-Cross Telephone Directory for St. Petersburg, Florida, August, 1938", and that the said book was copied from Peninsular Telephone Company's copyrighted book aforesaid, and that the action and conduct of the defendant, Fred F. Donnelly, as aforesaid, constitutes an infringement upon and violation of Peninsular Telephone Company's said copyright.

21. That the action and conduct of the defendant, Fred F. Donnelly, in copying the copyrighted books of the plaintiff and of other telephone companies, has been continuous and persistent, and constitutes a scheme or plan by which the defendant, Fred F. Donnelly, has wrongfully and illegally made use of the copyrighted material of the plaintiff and of other telephone companies for his own gain and profit.

22. That the defendant, Fred F. Donnelly, has heretofore been enjoined by this court for his action and conduct, as aforesaid, in the following instances:

(a) From infringing plaintiff's copyright for its copyrighted book entitled "Telephone Directory Nashville, Tennessee, June 5, 1938, corrected through May 5, 1938, by William R. Whitaker, Directory Manager";

(b) From infringing the copyrights of Lexington Telephone Company, Inc., a corporation, for its copyrighted books entitled "Lexington (Ky.) Telephone Di-

rectory, May, 1936, by Lexington Telephone Company, Inc. of the United States", "Lexington (Ky.) Telephone Directory, June, 1937, corrected to April 12, 1937, by Lexington Telephone Company, Inc.", and "Lexington (Ky.) Telephone Directory, June, 1938";

(c) From infringing the copyrights of Peninsular Telephone Company, a corporation, for its copyrighted books entitled "Telephone Directory for Tampa, Florida, No. 68, January, 1938, Issue, corrected to December 1, 1937", and "Telephone Directory for St. Petersburg, Florida, No. 62, July 1, 1938, Issue, corrected to June 1, 1938, by Peninsular Telephone Company;

That such injunctive orders have merely stopped the further publication and distribution of the particular criss-cross directory which was the subject of the particular suit in which the order was made; that such separate suits and separate injunctions issued therein are ineffective to prevent the defendant, Fred F. Donnelly, from making use of the copyrighted material of the plaintiff and of other telephone companies for his own gain and profit pursuant to the scheme or plan aforesaid, because in each suit the harm and injury complained of has been done prior to the issuance of the injunctive order.

23. That the institution of a separate suit for each infringement upon and violation of copyrights held by the plaintiff results in a multiplicity of suits and an undue and unwarranted burden upon the courts, and does not prevent the harm and injury complained of and the wrongful appropriation of copyrighted material by the defendant; that the scheme or plan by which the defendant, Fred F. Donnelly, makes use of the copyrighted material of the plaintiff for his own gain and profit, causes plaintiff to suffer great and irreparable damage and injury not capable of accurate financial admeasurement.

24. That publication by said defendant, Fred F. Donnelly, of the criss-cross directories hereinbefore described for the cities of Jacksonville, Florida; Mobile, Alabama; Montgomery, Alabama; and Nashville, Tennessee, copied from plaintiff's copyrighted directories of its telephone exchanges located in said cities and listing its subscribers therein imposes an additional burden upon plaintiff's facilities in its said exchanges and an added expense of opera-

tion and constitutes an illegal interference with plaintiff's business.

25. That by reason of the infringement upon plaintiff's copyright in and to the book entitled "Telephone Directory, Jacksonville, Florida, May, 1939, corrected through April 15th, 1939, by William R. Whitaker, Directory Manager", by the defendant, Fred F. Donnelly, and Fred F. Donnelly doing business as "Florida Directory Company", the plaintiff has suffered damages in the amount of $250; that by reason of the infringement upon plaintiff's copyright in and to the book entitled "Telephone Directory, Jacksonville, Florida, December, 1938, corrected through November 15th, 1938, by William R. Whitaker, Directory Manager", by the defendant, Fred F. Donnelly, and Fred F. Donnelly doing business as "Florida Directory Company", the plaintiff has suffered damages in the amount of $250.

### Conclusions of Law.

1. That the equities in this cause are with the plaintiff, and that the plaintiff is entitled to the relief prayed for in the complaint.

2. That the copyrights of the plaintiff and of other telephone companies hereinabove mentioned have, in each case, been acquired by the owner thereof as aforesaid in accordance with law and the Acts of Congress applicable thereto.

3. That the plaintiff is entitled to a permanent injunction against the defendant, Fred F. Donnelly and Fred F. Donnelly doing business as "Florida Directory Company", enjoining and restraining him from infringing upon plaintiff's copyrights in and to any and all directories published by plaintiff in the course of its business, for which it holds or may hereafter hold a copyright, whether said directories have been heretofore published or shall, in the future, be published, and whether the copyright thereto has been heretofore granted, or shall, in the future, be granted, and from otherwise interfering with the telephone service and business of plaintiff by printing, publishing and selling, or causing to be printed, published and sold, or by distributing or causing to be distributed, any directories containing the names of plaintiff's subscribers, or containing the telephone numbers or addresses of subscribers served by plaintiff, the information for which has been obtained from any directory of plaintiff to which plaintiff has acquired, or in the future may acquire, a copyright, and from further persisting in carrying on or prosecuting the scheme or plan of making use of copyrighted material of the plaintiff by copying and distributing the same in criss-cross directory form or in any other form for gain and profit.

4. That the plaintiff is entitled to a permanent injunction against the defendant, Fred F. Donnelly and Fred F. Donnelly doing business as "Florida Directory Company", specifically enjoining and restraining him from infringing upon the copyright of the plaintiff in and to the book entitled "Telephone Directory, Jacksonville, Florida, May, 1939, corrected through April 15th, 1939, by William R. Whitaker, Directory Manager", and the copyright of the plaintiff in and to the book entitled "Telephone Directory, Jacksonville, Florida, December, 1938, corrected through November 15th, 1938, by William R. Whitaker, Directory Manager", in any manner and by and through any persons whomsoever.

It is thereupon ordered, adjudged and decreed that the defendant, Fred F. Donnelly and Fred F. Donnelly doing business as "Florida Directory Company", his agents, servants and employees, be, and they are, hereby permanently enjoined and restrained from infringing upon plaintiff's copyrights in and to any and all directories published by plaintiff in the course of its business, for which it holds or may hereafter hold a copyright, whether said directories have been heretofore published or shall, in the future, be published, and whether the copyright thereto has been heretofore granted or shall in the future be granted, and from otherwise interfering with the telephone service and business of plaintiff by printing, publishing and selling, or causing to be printed, published or sold, or distributing or causing to be distributed, any directories containing the names of plaintiff's subscribers, or telephone numbers, or addresses of subscribers served by the plaintiff, the information for which has been obtained from any directory of plaintiff, for which plaintiff has acquired, or in the future may acquire, a copyright; and from further persisting in, carrying on, or prosecuting, the scheme or plan of making use of the copyrighted material of the plaintiff by

copying and distributing the same in criss-cross directory form or in any other form for gain and profit; and that the temporary injunction herein be, and the same is, hereby made absolute.

It is further ordered, adjudged and decreed that the defendant, Fred F. Donnelly, and Fred F. Donnelly doing business as "Florida Directory Company", his agents, servants and employees, be, and they are, hereby enjoined from infringing upon the copyright of the plaintiff in and to the book entitled "Telephone Directory, Jacksonville, Florida, May, 1939, corrected through ·April 15th, 1939, by William R. Whitaker, Directory Manager", and the copyright of the plaintiff in and to the book entitled "Telephone Directory, Jacksonville, Florida, December, 1938, corrected through November 15th, 1938, by William R. Whitaker, Directory Manager", in any manner and by and through any persons whomsoever.

It is further ordered, adjudged and decreed that the defendant, Fred F. Donnelly, and Fred F. Donnelly doing business as "Florida Directory Company", be, and he is, hereby directed and commanded to deliver up on oath to the marshal of this court for destruction, all copies of his book, entitled "Jacksonville Yellow Book Criss-Cross Telephone Directory, Jacksonville, Florida, July, 1939", and of his book entitled "Jacksonville Yellow Book Criss-Cross Telephone Directory, Jacksonville, Florida, February, 1939", as well as all plates, molds, matrices and other means for making copies of the said books now in his possession; and that the marshal of this court be, and he is, hereby directed to destroy the same within five days after their delivery to him, making return of his act in the premises to this court.

It is further ordered, adjudged and decreed that the plaintiff, Southern Bell Telephone and Telegraph Company, a corporation, do have and recover from the defendant, Fred F. Donnelly, and Fred F. Donnelly doing business as Florida Directory Company, the sum of $500 damages, together with its costs in this behalf expended, for which let execution issue.

It is further ordered, adjudged and decreed that the clerk of this court be, and he is, hereby directed to enter this judgment of record in this cause.

Done, ordered, adjudged and decreed at Tampa, Florida, this 3rd day of September, 1940.