739 F.2d 1094
 222 U.S.P.Q. 778, 1984 Copr.L.Dec. P 25,682
 Douglas Q. WICKHAM, Trustee for the Bankruptcy Estate of
Marc Arion Cardoso, Plaintiff-Appellant,
v.
KNOXVILLE INTERNATIONAL ENERGY EXPOSITION, INC.; Sunsphere,
Inc.; Community Tectonics, Inc.; The Downtown Knoxville
Association; S.H. "Bo" Roberts, Jr.; W. Stewart Evans;
William S. Denton; and Hubert Bebb, Defendants-Appellees.
 No. 83-5040.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 9, 1984.
Decided July 12, 1984.
 
 Wesley M. Baker, Knoxville, Tenn., Gerard W. Ittig, argued, Michael J. Goergen, Walstad, Kasimer, Tansey & Ittig, Washington, D.C., for plaintiff-appellant.
 Clifford A. Rodgers, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, Tenn., for Lead.
 William H. Skelton, E. Bruce Foster, Jr., argued, Knoxville, Tenn., for Lead, Tectonics, Denton and Webb.
 John Waters, Knoxville, Tenn., for Sunsphere.
 Edwin M. Luedeka, argued, Luedeka & Neely, Robert E. Pitts, Knoxville, Tenn., for Knoxville Inter. Energy, Roberts and Stewart.
 Before KENNEDY and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PHILLIPS, Senior Circuit Judge.
 
 
 1
 This copyright infringement action involves the architecture of the "Sunsphere", the central theme structure of the 1982 World's Fair in Knoxville, Tennessee. The plaintiff-appellant contends that the defendants infringed drawings copyrighted by Marc Arion Cardoso. District Judge Robert L. Taylor granted defendants' motion for summary judgment, holding that a jury could not find substantial similarity between the design of the Sunsphere and Cardoso's copyrighted drawings. We affirm.
 
 
 2
 * The plaintiff-appellant, Douglas Q. Wickham, is the trustee in bankruptcy for the estate of Cardoso, the author of the drawings that are the subject of this copyright infringement action. Defendant-appellee Knoxville International Energy Exposition, Inc., (KIEE), is a Tennessee corporation organized for the purpose of recruiting participants and financial commitments for an energy exposition at the World's Fair. Defendant Sunsphere, Inc. is a Tennessee corporation organized for the purpose of constructing and operating a thematic attraction at the Fair. Community Tectonics, Inc. is an architectural and engineering firm incorporated under the laws of Tennessee, and a principal shareholder of Sunsphere, Inc. S.H. "Bo" Roberts was the President of KIEE, and defendant W. Stewart Evans was the Executive Director of the Downtown Knoxville Association during the time period relevant to the instant litigation. Defendant William S. Denton is the President of Community Tectonics and a licensed architect. Hubert Bebb is an officer of Community Tectonics and also a licensed architect.
 
 
 3
 Plaintiff contends that defendants utilized Cardoso's copyrighted drawings in contravention of the copyright laws, 17 U.S.C. Sec. 101 et seq.
 
 
 4
 Plaintiff avers that in August 1977, Cardoso met with the Downtown Knoxville Association and presented his idea for a structure at the 1982 World's Fair. At this meeting he turned over his drawings to Roberts, then President of KIEE. Cardoso filed with the copyright office two different renderings of what he called the "Tower of Power". These two renderings, in reduced form, are reproduced in the Appendix to this opinion in figures A-1, and A-2. The alleged infringing work is reproduced at A-3 of the Appendix. After August 1977 KIEE had no further contact with Cardoso. Plaintiff alleged that KIEE furnished Community Tectonics with Cardoso's works and that Tectonics used those designs in developing what came to be known as the Sunsphere, and that defendant Sunsphere, Inc. then utilized the Tectonics' drawings to build the Sunsphere with knowledge that the Tectonics' drawings were derived from Cardoso's design.
 
 
 5
 Defendants filed motions for summary judgment with supporting affidavits and exhibits contending there was no genuine issue of material fact, in that no substantial similarity existed between the plaintiff's and defendants' works.
 
 II
 
 6
 In his comprehensive memorandum opinion, 555 F.Supp. 154, District Judge Taylor stated: "initially we are impressed by the virtual absence of similarity of specific features between Cardoso's and defendants' structural designs." He further noted:
 
 
 7
 Both parties' designs depict enclosed buildings set atop elevated towers. Cardoso's proposed towers appear to be more enclosed, quite unlike the open steel framework of the Sunsphere tower. Cardoso's towers also appear to have at least twice the number of sides as the six-sided Sunsphere. The bases of Cardoso's structural designs are broad in relation to the upper towers and the elevated buildings. The Sunsphere's base is much narrower in relation to its tower and the elevated sphere. The projected height of Cardoso's tower is also substantially greater than the Sunsphere's height.
 
 
 8
 Cardoso proposed two structural designs for the building atop his tower. His saucer-like design is clearly distinguishable from defendants' spherical building. Cardoso's alternative spherical design is similar in shape to defendants' Sunsphere. The sphere dimensions in relation to the respective towers are of different proportions, however.
 
 
 9
 In support of his argument that a factual question existed as to substantial similarity, the plaintiff offered alterations of the copyrighted work. The district court rejected these alterations, noting, "[t]he proposed alterations substantially change the concept and visual impression of plaintiff's originals. Plaintiff seems to be asserting that he has the exclusive right to design and erect a tower with a spherical building on top of it. The use of towers in architectual designs is certainly not unique ... Likewise the incorporation of a spherical structure into the design is no more than an 'idea'."
 
 
 10
 Accordingly, the district court concluded, "there is no evidence from which a jury could find substantial similarity between defendants' designs and plaintiff's copyrighted work."
 
 III
 
 11
 Plaintiff contends that summary judgment was improper because the district court denied plaintiff the opportunity for discovery and because the evidence was insufficient as a matter of law. These essentially are two variations on the same argument. Plaintiff's argument fails under either variation.
 
 
 12
 This Court recognizes that granting summary judgment, particularly in favor of a defendant, is a practice to be used sparingly in copyright infringement cases. See Arnstein v. Porter, 154 F.2d 464 (2d Cir.1946). 3 M. Nimmer, Nimmer on Copyright, Sec. 12.10 (rev'd 1983). However, a court may compare the two works and render a judgment for the defendant on the ground that as a matter of law a trier of fact would not be permitted to find substantial similarity. See Durham Industries Inc., v. Tomy Corp., 630 F.2d 905, 918 (2d Cir.1980); 3 Nimmer, supra, at Sec. 12.10.
 
 
 13
 Reduced to most fundamental terms two elements are necessary to plaintiff's case in a copyright infringement action: ownership of the copyright by the plaintiff and copying by the defendant. Sid & Marty Krofft Television v. McDonald's Corp., 562 F.2d 1157 (9th Cir.1977); Reyher v. Children's Television Workshop, 533 F.2d 87, 90 (2d Cir.) cert. denied 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976); 3 Nimmer, supra, at Sec. 13.01. In order to prove copying by the defendant, the plaintiff must prove access as well as substantial similarity. 3 Nimmer, supra, at Sec. 13.02. Thus, copying is an essential element of infringement and substantial similarity between the plaintiff's and defendants' works is an essential element of copying. Ideal Toy Corp. v. Fab-Lu, Ltd., 360 F.2d 1021 (2d Cir.1966); Kustoff v. Chaplin, 120 F.2d 551 (9th Cir.1941).
 
 
 14
 The district court concluded that as a matter of law no trier of fact could conclude that plaintiff's and defendants' works were substantially similar and rendered summary judgment in favor of defendants. On review of a grant of summary judgment pursuant to Fed.R.Civ.P. 56(c), an appellate tribunal must review the evidence in the light most favorable to the party opposing the judgment and determine if a genuine issue of material fact exists. Glenway Industries, Inc. v. Wheelabrator-Frye, Inc., 686 F.2d 415, 417 (6th Cir.1982); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.) cert. dismissed 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).
 
 
 15
 In the instant case we must determine whether any genuine issue of material fact existed on the question of substantial similarity.
 
 
 16
 Similarity is determined by a comparison of plaintiff's and defendants' works. "[A]n appellate court may reverse a lower court's grant of summary judgment to the defendant based upon a finding of lack of substantial similarity if the appellate court, upon a comparison of the two works, concludes that absence of substantial similarity is not so clear as to warrant such a conclusion as a matter of law." 3 Nimmer, supra, at Sec. 12.12.
 
 
 17
 We conclude that there existed no genuine issue of material fact which precluded the entry of summary judgment. The district court correctly concluded that as a matter of law no substantial similarity existed between plaintiff's and defendants' works. District Judge Taylor pointed out substantial design differences between plaintiff's and defendants' works. Only by significantly altering the plaintiff's designs could any similarity be shown. The "idea" of a tower structure certainly is not copyrightable. Ideas are not protected by copyright, only expressions of ideas. See Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954).
 
 
 18
 Plaintiff contends that the issue of access is a question of fact in dispute and therefore summary judgment was improper. Even if the question of access be in dispute, the plaintiff must prove copying in order to prevail in a copyright action. To prove copying, the plaintiff must prove access and substantial similarity. The district court correctly concluded there exists no substantial similarity. Therefore, it became unnecessary to resolve the access issue. No amount of proof of access will suffice to show copying if there are no similarities. Sid & Marty Krofft Television v. McDonald's Corp., supra, 562 F.2d at 1172; Williams v. Kaag Manufacturers, Inc., 338 F.2d 949, 951 (9th Cir.1964). Even though it has been stated that where access is proved, the similarity required to be shown is lessened, see 3 Nimmer, supra at Sec. 13.03[D], we conclude the district court did not err in holding there was no similarity in the present case.
 
 IV
 
 19
 Comparison of figure A-3 with figures A-1 and A-2 in the Appendix demonstrates that the district court did not err in finding no substantial similarity between plaintiff's and defendants' works. Absent substantial similarity, there can be no infringement. The district court properly granted summary judgment to defendants.
 
 
 20
 All other contentions of plaintiff-appellant have been considered and are found to be without merit. The judgment of the district court is affirmed.APPENDIX
 
 
 21
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLENOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLENOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE