**RURAL TELEPHONE SERVICE COMPANY, INC., Plaintiff,**

v.

**FEIST PUBLICATIONS, INC., Defendant.**

**No. 83–4086.**

United States District Court, D. Kansas.

Jan. 5, 1987.

James M. Caplinger, Jr., Topeka, Kan., for plaintiff.

Kyler Knobbe, Ridenour and Knobbe, Cimarron, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a copyright infringement and antitrust action. Plaintiff, Rural Telephone Service Company, Inc. (RTSC), contends that the defendant, Feist Publications, Inc. (Feist), violated the copyright laws by copying the white pages of its 1982–1983 telephone directory. Feist contends that RTSC has violated the antitrust laws by attempting to exclude it as a competitor in the yellow pages advertising market. This matter is presently before the court upon RTSC's motion for summary judgment on its copyright infringement claim, Feist's motion for summary judgment on the copyright infringement claim, and RTSC's motion to dismiss the antitrust claim. Oral argument has been requested but the court deems it unnecessary.

Before we address the pending motions, we find it necessary to consider one point raised by Feist in its response to RTSC's motion for summary judgment and cross-motion for summary judgment. Feist suggests that the court should not consider RTSC's infringement claim and Feist's antitrust claim separately. Feist contends that the two claims are related and must be viewed together. The court recognizes that the evidence in this case applies to both claims. Nevertheless, we do believe that the claims are independent of each other and should be considered separately. *See, e.g., National Business Lists, Inc. v. Dun & Bradstreet, Inc.,* 552 F.Supp. 89 (N.D.Ill.1982) and *National Business Lists, Inc. v. Dun & Bradstreet, Inc.,* 552 F.Supp. 99 (N.D.Ill.1982). Accordingly, the court shall examine each claim separately in this order.

The court shall proceed to the copyright infringement claim. Both sides have moved for summary judgment. Summary judgment is, of course, only appropriate if no triable issue of material facts exists. *Buell Cabinet Co., Inc. v. Sudduth,* 608 F.2d 431, 433 (10th Cir.1979). The material facts on the copyright infringement claim are not in dispute and, thus, summary judgment may properly be entered.

RTSC is a Kansas corporation, duly organized and existing under the laws of the State of Kansas to transact the business of a public utility. In the normal course of business, RTSC compiles, prepares, publishes and distributes telephone directories covering the geographical areas in which it provides telephone service. The telephone directories have been copyrighted and the copyrights have been registered each year as published. The 1982–1983 telephone directory, which is the subject of this lawsuit, is marked with an appropriate copyright notice identifying RTSC as the copyright proprietor and indicating the year of publication. RTSC's telephone directories are printed partly on white pages and partly on yellow pages. The portion printed on white pages lists in alphabetical order the names, addresses and telephone numbers of RTSC's telephone subscribers. The portion printed on yellow pages lists RTSC's business subscribers alphabetically under the appropriate business classifications and contains classified advertisements of various sizes purchased by RTSC's business subscribers.

Feist is also a Kansas corporation. Feist publishes and distributes telephone directories. Since 1978, Feist has published and distributed a Northwest AREA–WIDE

Telephone Directory. This directory covers some of the same geographical areas as the directory produced by RTSC but also covers some additional areas. The directory contains white pages and yellow pages similar to the RTSC directory. The directory also contains a red page community interest section and a blue page government and school information section.

Feist began its publication of the Northwest AREA–WIDE Telephone Directory by attempting to enter into license agreements with the various telephone companies serving the area covered by the directory. Through these license agreements, the telephone companies agreed to annually sell Feist a list of their white page listings to be used by Feist in its directory. RTSC was the only telephone company in the area covered by the Northwest AREA–WIDE Telephone Directory that did not enter into a license agreement with Feist. Thus, Feist in 1978, unable to purchase the RTSC white page listings, took the RTSC telephone directory and edited it by taking out all of the listings they could not use and using the remainder of the RTSC directory. Once this was accomplished, Feist sorted these listings out by town and alphabetized them. Feist then sent the various lists, broken down by towns, to verifiers it had hired in each of the towns that the directory would cover, with instructions to telephone each of the listings taken from the RTSC directory, and to attempt to verify each name, address and telephone number. After the verifiers had carried out their instructions, they sent the lists back to Feist with penciled in notes reflecting deletions, additions and any other changes. Concurrently with the work of the verifiers, salesmen working for Feist solicited ads for the yellow pages section of the Feist directory. The ads which were purchased then appeared in printed form in the yellow pages section of Feist's 1978 Northwest Kansas AREA–WIDE Telephone Directory which was delivered to people in various northwest Kansas counties.

In the following years, 1979 through 1982, Feist published an annual Northwest AREA–WIDE Telephone Directory. Feist used RTSC's telephone directory to a limited extent during those years. Feist generally relied upon its own previous directory and made additions and deletions through the use of verifiers. In 1983, Feist decided to change the date of publication of its directory. Based upon this change, Feist decided it was advantageous to again make full use of the RTSC directory. Feist used RTSC's directory in the same manner as in 1978.

RTSC, suspicious of Feist infringing its copyright, inserted in its 1982–1983 telephone directory a number of fictitious listings. When Feist's 1983 Northwest Kansas AREA–WIDE Telephone Directory was published and disseminated, four fictitious listings that were inserted in RTSC's 1982–1983 telephone directory appeared in the Feist directory.

RTSC contends that the aforementioned facts show that Feist infringed its copyright by copying its 1982–1983 copyrighted telephone directory without permission. Feist asserts a number of defenses to RTSC's contention. The court shall examine the various contentions made by both sides.

To prevail on a claim of copyright infringement, a plaintiff must show ownership of a valid copyright and that there was copying by the defendant. *Wickham v. Knoxville International Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984). Feist has raised several matters which dispute RTSC's contention that these requirements have been satisfied in this case.

Plaintiff has attached to its complaint a copy of the Certificate of Registration of its copyright for its telephone directory published for the period 1982–1983. Such evidence entitles the plaintiff to a prima facie presumption of copyright validity and ownership. 17 U.S.C. § 410(c). The defendant has the burden of overcoming the presumption of validity. *Williams Electronics, Inc. v. Artic International, Inc.*, 685 F.2d 870, 873 (3d Cir.1982).

■ Feist challenges RTSC's copyright by contending that telephone directories are not copyrightable subject matter. The

issue of whether telephone directories are copyrightable is well-settled. Courts have consistently held that telephone directories are copyrightable. *Hutchinson Telephone Co. v. Fronteer Directory Co.*, 770 F.2d 128 (8th Cir.1985); *Southern Bell Telephone & Telegraph Co. v. Associated Telephone Directory Publishers*, 756 F.2d 801 (11th Cir.1985); *Leon v. Pacific Telephone & Telegraph Co.*, 91 F.2d 484 (9th Cir. 1937); *Central Telephone Co. of Virginia v. Johnson Publishing Co.*, 526 F.Supp. 838 (D.Colo.1981); *Southwestern Bell Telephone Co. v. Nationwide Independent Directory Service, Inc.*, 371 F.Supp. 900 (W.D.Ark.1974); *Southern Bell Telephone & Telegraph Co. v. Donnelly*, 35 F.Supp. 425 (S.D.Fla.1940); *Cincinnati and Suburban Bell Telephone Co. v. Brown*, 44 F.2d 631 (S.D.Ohio 1930); *Hartford Printing Co. v. Hartford Directory & Publishing Co.*, 146 F. 332 (D.Conn.1906). The court does not find the defendant's arguments to the contrary, which are based on Professor Nimmer's comments in *Nimmer on Copyright* (1986), persuasive. *See* Demicola, Copyright in Collections of Facts: A Theory for the Protection of Nonfiction Literary Works, 81 *Colum.L.Rev.* 516, 527–535 (1981). The court holds that the white pages of a telephone directory constitute original work of authorship and are, therefore, copyrightable under either the provisions of 17 U.S.C. § 102 or § 103. *Hutchinson Telephone Co. v. Fronteer Directory Co.,supra,* at 131–32. Accordingly, we find that the plaintiff has demonstrated a valid copyright for its 1982–1983 telephone directory.

 The court shall next move to the requirement of copying. This element may be shown by either an admission of copying by the defendant, or by the indirect route of proving access to the directory and substantial similarity between the plaintiff's and defendant's works. *Central Telephone Co. of Virginia v. Johnson Publishing Co., supra,* at 843. Of course, one of the most significant evidences of copying is the copying of errors. *Financial Information, Inc. v. Moody's Investors Service, Inc.*, 599 F.Supp. 994, 996 n. 3 (S.D.N.Y.

1983); *Central Telephone Co. of Virginia v. Johnson Publishing Co., supra,* at 844.

RTSC submits that the evidence is uncontroverted that Feist copied its 1982–1983 telephone directory. RTSC points to the admission of Feist that it used the RTSC directory to produce its directory. Feist admitted that it began with the RTSC directory, edited out all of the listings it could not use, and then compiled a list that it could use. This list was then sent to verifiers to be verified. RTSC also points to the evidence that fictitious names listed in its telephone directory were reproduced in Feist's directory.

In defense, Feist argues that any notion of outright copying is dispelled because of the lack of "substantial similarity" between the two directories. Feist further suggests that the presence of the four fictitious listings is *de minimis* and, thus, not actionable. Feist also contends that the copying that occurred was a "fair use" of the material and, therefore, not an infringement. Finally, Feist asserts that RTSC's violation of the antitrust laws precludes recovery for copyright infringement.

 The evidence before the court clearly establishes that the defendant copied the plaintiff's directory. Tom Feist, one of the owners of the defendant, admitted in his deposition that the plaintiff's 1982–1983 directory was extensively used to prepare a portion of his company's directory. These statements constitute an admission that plaintiff's directory was copied. In light of this admission, the court finds it unnecessary to consider the defendant's contentions that copying did not occur. The "substantial similarity" test is used when there is no direct evidence of copying. *See Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 911–12 (2d Cir. 1980). Since we have direct evidence of copying in this case, we need not resort to an analysis of whether there was a substantial similarity between the two directories. The fact that the defendant may have reorganized the material it gained from the plaintiff or may have added other material does not preclude a finding of infringement. *Leon v. Pacific Telephone*

& Telegraph Co., *supra,* at 486–87; *Central Telephone Co. of Virginia v. Johnson Publishing Co., supra,* at 844. Moreover, the *de minimis* rule does not save the defendant. The *de minimis* rule allows the literal copying of a small and usually insignificant portion of a copyrighted work. *Warner Brothers, Inc. v. American Broadcasting Companies, Inc.,* 720 F.2d 231, 242 (2d Cir.1983). Here, there is no question that the white pages of plaintiff's directory were extensively used by the defendant.

There is also an alternative ground for proof of copying by Feist—the presence of the fictitious listings inserted into plaintiff's directory and later present in the defendant's directory. This, of course, naturally presents strong evidence of copying and confirms the admission by the defendant that it extensively used the plaintiff's directory.

■ The court shall next consider the defendant's assertion of the "fair use" defense. The fair use doctrine, codified in 17 U.S.C. § 107, allows persons other than the owner of a copyright to use copyrighted material in a reasonable manner without his consent, notwithstanding the monopoly granted to the owner of the copyright. *Rubin v. Boston Magazine Co.,* 645 F.2d 80 (1st Cir.1981). Section 107 provides that the "fair use" of a copyrighted work is not an infringement where it is for purposes such as criticism, comment, news reporting, teaching, scholarship or research. Section 107 sets forth the following factors to consider in determining whether such a defense should be allowed:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

■ The fair use analysis, however, must always be tailored to the individual case. *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 552, 105 S.Ct. 2218, 2226, 85 L.Ed.2d 588 (1985). The test that has been applied to the use of an existing compilation by a compiler of a directory is succinctly stated in *Central Telephone Co. of Virginia v. Johnson Publishing Co., supra,* at 843:

Courts recognize that a compiler of a directory may make fair use of an existing compilation if he first makes an independent canvass, then merely compares and checks his own compilation with that of the copyrighted publication and publishes the result after verifying the additional items derived from the copyrighted publication. *Northwestern Telephone Systems, Inc. v. Local Publications, Inc.,* 208 U.S.P.Q. 257, 258 (D.Mont. 1979). Since the copyright covers the compilation of the information and not the individual names and addresses, if there is substantial copying from the plaintiff's work without an independent canvass initially, the resulting work will be an infringement even when the defendant later verifies the material by checking the plaintiff's original sources. Nimmer, § 8.01[E]; see *Jeweler's Circular Publishing Co. v. Keystone Publishing Co.,* 281 F. 83 (2nd Cir.), *cert. denied,* 259 U.S. 581, 42 S.Ct. 464, 66 L.Ed. 1074 (1922).

■ The court believes that this standard is still the one to be applied in telephone directory cases. The application of this rule indicates that Feist cannot utilize the fair use doctrine in this case. The uncontroverted evidence before the court reveals that the defendant extensively used the plaintiff's directory without first conducting an independent canvass. Thus, even though the defendant later verified the material, the defendant clearly infringed the plaintiff's copyright.

As a final defense, Feist seeks to extend the "patent misuse" doctrine to the facts of this case. The patent misuse doctrine arose in a series of cases involving alleged infringement of patents. In *Morton Salt Co. v. G.S. Suppiger Co.,* 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363 (1942) and *Mercoid Corp. v. Mid-Continent Investment Co.,* 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376

(1944), the Supreme Court held that where a patentee is using his patent to gain economic control over unpatented products, a court of equity may decline to protect his invention against infringement. Feist wishes to extend this doctrine to this case by alleging that RTSC is an antitrust violator and, thus, should not be able to obtain relief in a copyright infringement action.

The doctrine, however, has never been extended by the Supreme Court to copyright infringement actions. In *United States v. Loew's, Inc.*, 371 U.S. 38, 45, 83 S.Ct. 97, 102, 9 L.Ed.2d 11 (1962), the Court recognized that copyright owners may sometimes enjoy analogous market dominance over their copyrighted articles enabling them to exert anticompetitive pressure in non-copyrighted articles, but did not extend the "patent misuse" doctrine to copyright infringement actions. Lower courts have generally been unwilling to find that antitrust violations constitute a defense to copyright infringement actions. *See, e.g., Orth-O-Vision, Inc. v. Home Box Office*, 474 F.Supp. 672, 686 (S.D.N.Y.1979); *Peter Pan Fabrics, Inc. v. Candy Frocks, Inc.*, 187 F.Supp. 334, 336 (S.D.N.Y.1960); *Harms, Inc. v. Sansom House Enterprises, Inc.*, 162 F.Supp. 129, 135 (E.D.Pa.1958). This court is also unwilling to make this leap. We concur with prior case law which holds that antitrust violations do not constitute a defense to copyright infringement.

In sum, the court finds that plaintiff's motion for summary judgment should be granted and defendant's motion for summary judgment denied. The court shall grant plaintiff judgment on its copyright claim. The court notes that plaintiff has requested attorney's fees. The court, in its discretion, may award attorney's fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. The court finds that this is an appropriate case for the award of attorney's fees to the plaintiff. The amount to be awarded shall be decided following the decision on damages which will be considered at a later date.

The court shall next move to plaintiff's motion to dismiss the defendant's counterclaim. RTSC contends that Feist's antitrust claim fails to state a claim upon which relief can be granted. RTSC suggests that the court convert its motion into a motion for summary judgment because matters outside the pleadings are referred to in the motion. Having carefully reviewed the arguments of the parties, the court finds that plaintiff has demonstrated neither its entitlement to dismissal or summary judgment on the antitrust claim. Plaintiff's motion is deficient in that it fails to recognize all of the allegations made by the defendant. Accordingly, the court shall deny plaintiff's motion to dismiss the defendant's counterclaim.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment on its copyright infringement claim be hereby granted. Plaintiff shall also be awarded attorney's fees on this claim. The amount of attorney's fees as well as the proper measure of damages shall be determined in the future.

IT IS FURTHER ORDERED that defendant's motion for summary judgment be hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss be hereby denied.

IT IS SO ORDERED.